JEREMY L. FRIEDMAN, CA Bar No. 142659
ATTORNEY AT LAW
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087

Attorneys for plaintiff Laila Batts

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Laila Batts | ) | Case No. C08-00286 PVT |
| --- | --- | --- |
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES** (42 U.S.C. §1983 and California Tort Claims Act, Govt. Code §845.6) |
| vs. | ) | |
| County of Santa Clara, and DOES ONE through Twenty, | ) | **JURY DEMAND** |
| Defendants. | ) | |

## INTRODUCTION

1. This is an action against the County of Santa Clara and county employees and contractors who failed to summon medical care while plaintiff was suffering from an ectopic pregnancy in custody at the Elmwood Women's Facility January 5-14, 2007. Necessary medical care was denied with deliberate indifference, in violation of plaintiff's Eight Amendment rights as well as California Government Code §845.6.

## JURISDICTION

2. Subject matter jurisdiction is predicated on federal question jurisdiction (28 U.S.C. §1331) due to claims under 42 U.S.C. §1983, with supplemental jurisdiction (28 U.S.C. §1367) over state law claims.

## PARTIES

3. Plaintiff Laila Batts is an individual who resides in this district.

4. The County of Santa Clara is a public entity and local government within this District. At all times relevant to this litigation, the County of Santa Clara operated the Elmwood Women's Facility, a Milpitas entity within the public entity. At all times

relevant herein, the County of Santa Clara employed, contracted with, appointed or otherwise authorized the Doe defendants who interacted with, or in some way are connected to, the violation of plaintiff's rights during her custody at the facility.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does ONE through TWENTY, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereupon alleges that each of such fictitiously named defendants is an employee, agent, contractor, official and/or representative of the County of Santa Clara, and is responsible in some manner for the occurrences alleged herein; and that plaintiff's injuries as herein alleged were proximately caused by these defendant Does' acts.

6. Plaintiff is informed and believes and thereon alleges, that each defendant herein was, at all times relevant to this action, the agent, employee, official, contractor, physician, nurse, representing partner or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges, that each defendant herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

## GENERAL ALLEGATIONS

7. Plaintiff was incarcerated at the Elmwood Women's Facility January 5 through 14, 2007. During that period of detention, plaintiff was pregnant, and she developed a complication called an "ectopic pregnancy," where the fertilized ovum is implanted in tissue other than the uterine wall. Many ectopic pregnancies, as with Ms. Batts, begin with an infection. Treatments can avoid surgery in many cases, but the complication must be caught early. After delays, surgical intervention is often required to prevent excessive blood loss through hemorrhaging. Left untreated, the condition will seriously affect the health of the woman, including a substantial risk of death.

8. Soon after her incarceration, plaintiff began experiencing severe cramping and blood spotting. On several occasions during her detention, she informed County officials,

employees and contractors that she was in extreme pain and was suffering from severe cramping and blood spotting symptoms. She also informed them that she was pregnant, and that she required immediate medical care by a physician. On a number of occasions during her incarceration, plaintiff specifically requested she be taken to the emergency room at a hospital. In addition to her statements, it was obvious from her appearance and expressions, and it would be patent upon examination, that plaintiff was suffering from a serious medical condition and in need of immediate medical attention.

9. Despite actual and constructive knowledge, county officials, employees, agents, representatives, contractors or other authorized individuals at the Elmwood Women's Facility refused plaintiff's requests, failed to furnish medical care, delayed treatment, and failed to take reasonable action to summon medical care. Such refusals, failures and delays were caused by the actions or inactions of Doe guards, nurses, officials, and medical personnel, including a physician who visited the facility on January 10 and 11, 2007. Such actions and/or inactions were done through negligence, gross negligence, deliberate indifference, and reckless disregard for plaintiff's health and safety.

10. All actions or failures to act as described herein undertaken or caused by the conduct of Doe defendants, who were acting pursuant to the terms and within the scope of employment, contract, direction or for the benefit of the County and Elmwood Facility. All actions or failures to act were done because of, pursuant to, or as a result of the County's official custom, policies, and procedures. All actions or failures to act were known to county officials, and approved, ratified or otherwise authorized by the County. All actions or failures to act, all policies, procedures, and customs, and all approvals, ratifications and authorizations as described herein were taken under color of law in connection with official duties at the Elmwood Woman's Facility.

11. As a direct result of the conduct described herein, Ms. Batts' life was put at grave risk of serious injury, including death. As a further direct result, plaintiff suffered substantial physical and psychological injury, requiring future medical intervention (including emergency surgery) and posing long-term risks to her health and safety. As a

Plaintiff's Complaint for Damages – Page 3

direct result, plaintiff incurred additional medical costs and severe emotional distress.

12. As officers, employees, contractors or other individuals authorized by the County with respect to official duties at the facility, Doe defendants – like the county itself – has a duty to take reasonable action and summon and provide necessary medical care to individuals who are within the County's custody. Failure to take such actions in this case resulted in the violation of plaintiff's constitutional rights, including her Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to Due Process. Under California Government Code §845.6, defendants had an obligation to take reasonable action to summon medical care when the individual knows or has reason to know that a prisoner is in need of immediate medical care. Defendants' conduct violated plaintiff's rights under these provisions.

13. Some Doe defendants were engaged in the lawful practice of the healing arts under the laws of California, and was required by professional standards to exercise reasonable prudence in providing care to plaintiff. These Doe defendants' actions and inactions as described herein constituted a breach of duty owed by them to plaintiff.

14. Doe defendants' conduct in this case was done with malice, oppression and fraud, amounting to despicable conduct towards plaintiff with conscious disregard and deliberate indifference to her health and safety.

15. On information and belief, doe defendants' conduct as described herein was a direct and logical consequence of the failure on the party of defendant County of Santa Clara to adequately train, hire, retain and supervise its officers, with respect to proper procedures and rights of prisoners with respect to medical care.

17. On information and belief, Doe defendants' conduct was ratified by the County following the incident, when officials learned of the misconduct, and failed to take corrective action or otherwise remedy the custom, policies and practices which caused injury to plaintiff in this incident.

///

///

## GRIEVANCES

18. During her incarceration at the facility, plaintiff filed at least two formal grievances in connection with the failure to summon or provide health care despite her obvious need for immediate medical attention. Plaintiff was incarcerated at the jail facility for 10 days, and these grievances were pursued as far as could be pursued during her incarceration.

## CLAIMS STATUTE

19. Plaintiff has complied with all of the administrative prerequisites for bringing this action and his claims are procedurally ripe for adjudication before this Court. On or about June 19, 2007, plaintiff presented a formal claim regarding her injuries with the County of Santa Clara. The County denied the claim by letter dated July 16, 2007.

20. The County of Santa Clara is joined as a defendant to all claims here. With respect to plaintiff's state law claims, this defendant is joined in this action pursuant to Government Code §815.2(a), because it is a public entity liable for injury proximately caused by the acts or omissions of Doe defendants, and §845.6, which expressly holds the public entity liable for the failure to summon medical care under these circumstances by public employees acting pursuant to their employment. The County is liable for plaintiff's federal civil rights claims because its own failure to adequately train, hire, retain and supervise its employees, contractors or officers, its ratification of Doe defendants' actions and inactions, and its official customs, policies and procedures which were a substantial factor in causing plaintiff's injuries.

## CLAIM ONE
(Constitutional violations, 42 U.S.C. §1983)

21. Plaintiff hereby incorporates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. By creating a custodial relationship with plaintiff, the County and Doe defendants were required to take necessary measures to protect her from harm, and to provide immediate medical attention to her obvious serious medical needs. The action of

defendants as set forth herein, constituted unlawful and unconstitutional conduct, taken under color of law, including violating plaintiff's Eight Amendment protection against cruel and unusual punishment and Fourteenth Amendment Due Process rights. Breaches of these constitutional duties violated 42 U.S.C. §1983.

23. On information and belief, the actions and/or omissions of Doe defendants which led to the injury to plaintiff as described herein, were the direct result of a custom and practice of the County, rising to the level of official policy. Similarly, the county defendant's failure to properly train, hire, retain and supervise its officers, employees and contractors, and its ratification of the actions taken, as alleged herein, constitutes a sufficient basis for the County's liability other than *respondeat superior*. Moreover, the unusually egregious nature of this incident is sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to gross negligence on the part of Santa Clara officials in charge.

24. As a direct and proximate result of these actions, plaintiff has suffered and will continue to suffer physical and psychological injuries, in an amount to be proven at trial.

## CLAIM TWO
### (Failure to summon medical care, Cal. Govt. Code §845.6)

25. Plaintiff hereby incorporates and realleges paragraphs 1 through 23 as though fully set forth herein.

26. The action of defendants as set forth herein, constituted unreasonable failure to take appropriate action to summon medical attention, after it became known or there was reason to know that plaintiff was in need of immediate medical care, in violation of California Government Code §845.6.

27. As a direct and proximate result of these actions, plaintiff has suffered and will continue to suffer physical and psychological injuries, in an amount to be proven at trial.

## CLAIM THREE
### (Professional negligence)

28. Plaintiff hereby incorporates and realleges paragraphs 1 through 23 as though fully set forth herein.

30. Certain Doe defendants who have not yet been identified to plaintiff are practitioners engaged in the practice of one of the healing arts under the laws of California.

31. At all times relevant to this complaint, these certain Doe defendants negligently failed to possess and exercise, in both diagnosis and treatment, that reasonable degree of knowledge and skill that is ordinarily possessed and exercised by other health care practitioners in the same or similar locality in similar circumstances.

32. As a direct and proximate result of these actions, plaintiff has suffered and will continue to suffer physical and psychological injuries, in an amount to be proven at trial.

## PRAYER

Wherefore, plaintiff prays for judgment against defendants, and each of them as follows:

1. For general and special damages, including pain, suffering, incurred medical and therapy expenses, lost wages, and other damages, in an amount to be proven at trial;

2. For exemplary damages against Doe defendants;

3. For costs of this action to the plaintiff;

4. For reasonable attorney's fees and costs to the plaintiff, pursuant to 42 U.S.C. §1988; California Code of Civil Procedure 1021.5, and any other applicable provision of law; and

5. For other such relief as the Court may deem just and proper.

Dated: January 16, 2008

Respectfully submitted,

/s/Jeremy L. Friedman
Jeremy L. Friedman
Attorney for plaintiff Laila Batts