ANN MILLER RAVEL, County Counsel (S.B. #62139)
ARYN PAIGE HARRIS, Deputy County Counsel (S.B. #208590)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA BATTS,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, and Does 1 through 20,<br><br>  Defendants. | NO. C08-00286 PVT<br><br>**DEFENDANT COUNTY OF SANTA CLARA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Defendant County of Santa Clara (hereafter "County") answers the Complaint (hereafter "Complaint") of Laila Batts and admits, denies, and alleges with respect to the material facts in the Complaint as follows:

1. In response to paragraph 1 of the Complaint, the County lacks sufficient knowledge or information to either admit or deny the allegations and on that basis denies those allegations.

2. In response to paragraph 2 of the Complaint, the County alleges that this paragraph contains legal arguments not material allegations and, therefore, there is nothing to admit or deny. The County admits that subject matter jurisdiction is proper.

3. In response to paragraph 3 of the Complaint, the County lacks sufficient knowledge or information to admit or deny this allegation and on that basis denies the

allegation.

4. In response to paragraph 4 of the Complaint, the County admits that it is a public entity within this district that operates the Elmwood Correctional Facility. The County denies that the Elmwood Correctional Facility is a "Milpitas entity." The County lacks sufficient knowledge or information to either admit or deny the remaining allegations and on that basis denies those allegations.

5. In response to paragraph 5 of the Complaint, the County lacks sufficient knowledge or information to either admit or deny these allegations and on that basis denies those allegations.

6. In response to paragraph 6 of the Complaint, the County lacks sufficient knowledge or information to either admit or deny these allegations and on that basis denies those allegations.

7. In response to paragraph 7 of the Complaint, the County admits that Plaintiff was incarcerated in the Elmwood Women's Facility January 5 through 14, 2007. The County admits that Plaintiff had a positive pregnancy test during that period of incarceration. The County lacks sufficient knowledge, information, or expertise to either admit or deny the remaining allegations and on that basis denies those allegations.

8. In response to paragraph 8 of the Complaint, the County admits that Plaintiff reported cramping and blood spotting during her incarceration. The County lacks sufficient knowledge and information to either admit or deny the remaining allegations and on that basis denies those allegations.

9. In response to paragraph 9 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

10. In response to paragraph 10 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

11. In response to paragraph 11 of the Complaint, the County lacks sufficient

knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

12. In response to paragraph 12 of the Complaint, the County denies that it has a duty to take reasonable action and summon and provide necessary medical care (Government Code section 845.6). The County lacks sufficient knowledge and information to either admit or deny the remaining allegations and on that basis denies those allegations.

13. In response to paragraph 13 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

14. In response to paragraph 14 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

15. In response to paragraph 15 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

16. There is no paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

18. In response to paragraph 18 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

19. In response to paragraph 19 of the Complaint, the County admits that Plaintiff filed a claims on June 19, 2007 and that the County denied the claim by letter on July 16, 2007. The County lacks sufficient knowledge and information to either admit or deny the remaining allegations and on that basis denies those allegations.

20. In response to paragraph 20 of the Complaint, the County alleges that this paragraph contains legal arguments not material allegations and, therefore, there is nothing to

1  admit or deny. The County denies all allegations.

2  21.  In response to paragraph 21 of the Complaint, the County incorporates all admissions and denials in paragraphs 1 through 20 as fully set forth herein.

3  22.  In response to paragraph 22 of the Complaint, the County alleges that this paragraph contains legal arguments not material allegations and, therefore, there is nothing to admit or deny. The County denies all allegations.

4  23.  In response to paragraph 23 of the Complaint, the County alleges that this paragraph contains legal arguments not material allegations and, therefore, there is nothing to admit or deny. The County denies all allegations.

5  24.  In response to paragraph 24 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

6  25.  In response to paragraph 25 of the Complaint, the County incorporates all admissions and denials in paragraphs 1 through 23 as though fully set forth herein.

7  26.  In response to paragraph 26 of the Complaint, the County alleges that this paragraph contains legal arguments not material allegations and, therefore, there is nothing to admit or deny. The County denies all allegations.

8  27.  In response to paragraph 27 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

9  28.  In response to paragraph 28 of the Complaint, the County incorporates all admissions and denials in paragraphs 1 through 23 as though fully set forth herein.

10  29.  There is no paragraph 29 in the Complaint.

11  30.  In response to paragraph 30 of the Complaint, the County lacks sufficient knowledge and information to either admit or deny these allegations and on that basis denies those allegations.

12  31.  In response to paragraph 31 of the Complaint, the County alleges that this paragraph contains legal arguments not material allegations and, therefore, there is nothing to

1  admit or deny. The County denies all allegations.

2      32. In response to paragraph 32 of the Complaint, the County lacks sufficient

3  knowledge and information to either admit or deny these allegations and on that basis denies

4  those allegations.

5      33. In response to paragraphs 1 through 5 of the Prayer, the County alleges that this

6  paragraph contains legal arguments not material allegations and, therefore, there is nothing to

7  admit or deny. The County denies all allegations.

8  **AFFIRMATIVE DEFENSES**

9  **FIRST AND SEPARATE AFFIRMATIVE DEFENSE**

10      As a separate, distinct and affirmative defense to the complaint, and to each and every

11  cause of action and/or claim for relief thereof, Defendant alleges that the complaint, and each

12  and every cause of action and/or claim for relief thereof, fails to state facts sufficient to

13  constitute a cause of action and/or claim for relief against Defendant.

14  **SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

15      As a separate, distinct and affirmative defense to the complaint, and to each and every

16  cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff was careless and

17  negligent in and about the matters alleged in the complaint, and that said carelessness and

18  negligence on the Plaintiff's own part proximately contributed to the damages complained of, if

19  any there were. Under the doctrine of comparative negligence, Plaintiff's comparative

20  negligence shall reduce any and all damages sustained by said Plaintiff.

21  **THIRD AND SEPARATE AFFIRMATIVE DEFENSE**

22      As a separate, distinct and affirmative defense to the complaint, and to each and every

23  cause of action and/or claim for relief thereof, Defendant alleges that said damages, if any,

24  sustained by Plaintiff were either fully or in part the fault of others, whether that fault be the

25  proximate result of negligence, strict liability, breach of warranty, breach of contract, or any

26  other type of fault caused by persons, firms, corporations or entities other than Defendant, and

27  that said negligence or fault comparatively reduces the percentage of fault or negligence, if any,

28  by Defendant.

**FOURTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff was actively negligent in and about the matters alleged in the complaint, and thereby barred from any recovery.

**FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that the provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, Civil Code Sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the extent Plaintiff's injuries and/or damages, if any there were or are, were proximately caused or contributed to by the carelessness, negligence or fault of persons or entities other than Defendant.

**SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff failed to mitigate his damages.

**SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that all of the risks, hazards and dangers, if any, inherent in the course of evaluation, treatment and/or administration of medications or other materials or substances to Plaintiff were fully known, appreciated and understood by Plaintiff, who nevertheless freely and voluntarily elected to assume and undertake such risks, hazards and dangers, if any, and thereby voluntarily assumed the risk of possible injury and/or other damages, and therefore Plaintiff is barred from any recovery that she might otherwise have against any Defendant.

**EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every

cause of action and/or claim for relief thereof, Defendant alleges that at all times mentioned in the complaint, the services rendered by Defendant were reasonable and necessary for the care and treatment of Plaintiff and were properly performed.

**NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff unreasonably delayed in bringing this action against Defendant and that such delay prejudiced Defendant and, therefore, this action against Defendant is barred by the doctrine of laches.

**TENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff, by reason of his own acts and/or omissions, waived any claims, if any there be, as alleged therein.

**ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff, by reason of his own acts and/or omissions, is equitably estopped from asserting any claim, if any there be, as alleged therein.

**TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff, by virtue of having been the sole or major contributing factor to the alleged damages of which Plaintiff now complains, based upon his own fault or misconduct, is guilty of unclean hands and therefore barred from obtaining the relief sought in the complaint by that principle, as well as by the principle of *in pari delicto*.

**THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff was guilty of willful misconduct in and about the matters complained of in the complaint and that the

aforesaid misconduct on Plaintiff's own part proximately contributed to the damages of which he now complains.

**FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that they are entitled to the benefits, defenses, rights, immunities and provisions of Assembly Bill I through XX of the State of California for the year 1975 and which is more commonly known as the Medical Injury Compensation Reform Act (MICRA); that said benefits, defenses, immunities and provisions are set forth and contained within Business and Professions Code §6146; Civil Code §§3333.1 and 3333.2; Code of Civil Procedure §§364, 365 and 667.7.

**FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that, in the event they are found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), Defendant may elect to introduce evidence of any amount paid or payable, if any, as a benefit to Plaintiff pursuant to Civil Code §3333.1.

**SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that, in the event they are found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), the damages for non-economic loss, if any, shall not exceed the amount specified in Civil Code §3333.2.

**SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that, in the event they are found to be negligent (which supposition is denied and merely stated for the purposes of this affirmative defense), Defendant may elect to have future damages, if any, in excess of the amount specified in Code of Civil Procedure §667.7, paid in whole or in part, as specified in

Code of Civil Procedure §667.7.

**EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff failed to meet and perform all necessary covenants, conditions and promises required to be performed in accordance with the terms and conditions of the treatment.

**NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that the actions of Plaintiff prevented Defendant from performing their services, and released Defendant from any duty or liability to Plaintiff.  Should any breach of duty have occurred on the part of Defendant, said breach was waived by the conduct and actions of Plaintiff.

**TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that the acts and/or omissions complained of in the complaint were consented to by Plaintiff.

**TWENTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that their conduct, at all times referenced therein, was privileged and/or justified.

**TWENTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff failed to (1) exhaust his administrative and/or other remedies and/or (2) satisfy other jurisdictional and/or procedural prerequisites prior to filing suit.

**TWENTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff failed to comply

with the provisions of the California Tort Claims Act.

**TWENTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff had full knowledge that Defendant did not breach any duty and/or obligation.

**TWENTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that, at all times therein, Defendant acted with a good faith belief in the propriety of their conduct, and performed and discharged in good faith each and every duty and/or obligation, if any, owed to Plaintiff.

**TWENTY-SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that any alleged duty and/or obligation of Defendant were exonerated, discharged and/or released by Plaintiff's acts and/or omissions.

**TWENTY-SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that their conduct was proper, legal and in substantial compliance with all applicable regulations, codes, statutes and/or ordinances.

**TWENTY-EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that any acts and/or omissions on the part of Defendant were discretionary and not ministerial in nature.

**TWENTY-NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant is informed and believes, and thereon alleges, that at all times the representations, if any, made by them to Plaintiff were, to the best of

their knowledge, true.

**THIRTIETH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant is informed and believes, and thereon alleges, that at no time did they seek to suppress any facts and/or information that it was duty bound to disclose to Plaintiff and did not seek to disclose to Plaintiff any facts and/or information which were likely to mislead Plaintiff.

**THIRTY-FIRST AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant is informed and believes, and thereon alleges, that at no time did they seek to deceive Plaintiff respecting the representations, if any, made by Defendant to Plaintiff.

**THIRTY-SECOND AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant is informed and believes, and thereon alleges, with respect to the acts or omissions and/or other conduct complained of by Plaintiff as against Defendant, and with respect to the resulting actions taken and/or not taken by Plaintiff, there was not justifiable reliance by Plaintiff.

**THIRTY-THIRD AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant is informed and believes, and thereon alleges, that they had no knowledge of the alleged falsity of any representations, if any, complained of by Plaintiff.

**THIRTY-FOURTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant is informed and believes, and thereon alleges, that they made no representations, expressly or impliedly, to Plaintiff upon which Plaintiff may base any cause of action.

**THIRTY-FIFTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant is informed and believes, and thereon alleges, that any statements made by Defendant to Plaintiff were, either in whole or in part, matters of opinion.

**THIRTY-SIXTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that any acts and/or omissions on the part of Defendant were subjectively and/or objectively reasonable so as to entitle Defendant to absolute or qualified immunity based upon applicable State or Federal law for any acts and/or omissions within the course and scope of employment.

**THIRTY-SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that Plaintiff's complaint, and each and every cause of action and/or claim for relief therein, is barred by the provisions of Government Code §§ 810 through 1000, inclusive, including, but not limited to, Sections 815, 815.2, 815.3, 815.4, 815.6, 818, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 822.2, 830.2, 830.5, 830.6, 831.2, 831.25, 835, 835.2, 835.4, 840, 840.2, 840.4, 840.6, 844.6, 845.6, 855.8, and 856.

**THIRTY-EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, Defendant alleges that the complaint, and each and every cause of action and/or claim for relief thereof, is barred by the statute of limitations as stated in Part 2, Title 2, Chapter 2 of the California Code of Civil Procedure, beginning with Section 315 and continuing through Section 349.4 and, more particularly, but not limited to, Sections 335.1, 337, 337.1, 337.15, 337.2, 338, 339, 340, 340.5, 340.6, 342, and 343.

**THIRTY-NINTH AND SEPARATE AFFIRMATIVE DEFENSE**

As a separate, distinct and affirmative defense to the complaint, and to each and every

cause of action and/or claim for relief thereof, Defendant alleges that they are entitled to recover reasonable expenses, including attorneys' fees, from Plaintiff and his counsel in that Plaintiff's complaint on file herein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Defendant.

### FORTIETH AND SEPARATE AFFIRMATIVE DEFENSE

As a separate, distinct and affirmative defense to the complaint, and specifically to the first cause of action and/or claim for relief thereof, Defendant alleges that they did not have actual or constructive notice of a serious and obvious need for immediate medical condition for which they allegedly failed to take reasonable action to summon medical care.

WHEREFORE, Defendant prays that Plaintiff takes nothing by way of his complaint, that Defendant has judgment for costs of suit incurred herein, together with such other and further relief as the court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in this matter.

Dated: March 5, 2008                                          Respectfully submitted,

                                                              ANN MILLER RAVEL
                                                              County Counsel


                                                        By:          /S/
                                                              ARYN PAIGE HARRIS
                                                              Deputy County Counsel

                                                              Attorneys for Defendant
                                                              COUNTY OF SANTA CLARA

116094.wpd