1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   ARYN PAIGE HARRIS, Deputy County Counsel (S.B. #208590)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4  Facsimile: (408) 292-7240

5  Attorneys for Defendant
   COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAILA BATTS, | NO. C08-00286 JW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date: May 5, 2008 |
| COUNTY OF SANTA CLARA, and Does 1 through 20, | Time: 10:30 a.m.<br>Dept: 6<br>Judge: Honorable James Ware |
| Defendants. | |

The parties to the above entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

1. <u>Jurisdiction and Service</u>: This action is brought pursuant to 42 U.S.C. §1983 and subject matter jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367. No issues exist regarding personal jurisdiction and venue. Plaintiff may serve additional parties. The parties propose that all parties by served on or before July 31, 2008.

2. <u>Facts</u>: Plaintiff was incarcerated in the Santa Clara County Women's Correctional Center ("Elmwood") between January 5 and 14, 2007. Plaintiff was pregnant at the time, she indicated her pregnancy during her intake, and pregnancy test was positive. Plaintiff contends that she reported severe pain and blood spotting early during her incarceration, and she

repeatedly requested emergency medical care. She also alleges it was obvious from her appearance and expression that she suffered a serious medical condition and needed immediate attention. She further alleges that her requests and serious condition were ignored, and that she was refused needed medical care. Even after a delayed visit with a physician on January 10, her requests for emergency medical treatment went unheeded. After her release from the facility, plaintiff received emergency medical care for an ectopic[1] pregnancy, including emergency surgery. Plaintiff contends that defendants' refusal to provide her with necessary care put her very life at risk, and resulted in substantial medical costs, pain and emotional distress.

Defendant contests the nature and extent of Plaintiff's reports. Defendants allege that plaintiff was housed accordingly and a medical appointment with the part-time OB/GYN was timely scheduled. Defendant alleges that plaintiff did at various points complain of spotting and pain, but that County correctional, nursing, and physician staff's responses to these complaints were appropriate. The parties are both still in the process of gathering the exact facts and sequence of events regarding Plaintiff's complaints.

Plaintiff claims that the County and its employees were deliberately indifferent to her serious medical needs and committed negligence in her care and treatment.

3.  Legal Issues: Plaintiff brings three claims. The first is a claim pursuant to 42 U.S.C. §1983 for violation of her Eighth and Fourteenth Amendment rights. The second is a claim pursuant to California Government Code section 845.6. The third claim is a claim for professional negligence.

    a. First Claim: A prisoner may establish a section 1983 claim under the Eighth and Fourteenth Amendments against prison officials who acted with deliberate indifference to the threat of serious harm or injury. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Under the deliberate indifference standard, a plaintiff must demonstrate that prison officials knew that he

---

[1] According to Medicine.Net and ectopic pregnancy is as follows: A pregnancy that is not in the uterus. The fertilized egg settles and grows in any location other than the inner lining of the uterus. The large majority (95%) of ectopic pregnancies occur in the Fallopian tube. However, they can occur in other locations, such as the ovary, cervix, and abdominal cavity. An ectopic pregnancy occurs in about 1 in 60 pregnancies. Most ectopic pregnancies occur in women 35 to 44 years of age. Ectopic pregnancies are frequently due to an inability of the fertilized egg to make its way through a Fallopian tube into the uterus. http://www.medterms.com/script/main/art.asp?articlekey=3188

or she faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). To establish a section 1983 claim for failure to provide medical care, the prisoner must demonstrate that the defendants' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Such indifference may be manifested in two ways. It may appear when prison physicians deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Estelle*, 429 U.S. at 104-05. The delay in medical treatment must have caused substantial harm. *Shaply v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Defendant needs to develop the facts further to determine whether or not plaintiff can meet the deliberate indifference standard and prove other elements of the claim.

b.  Second Claim:   Government Code section 845.6 provides that a public employee and public entity is liable for injury proximately caused by the failure to furnish medical care where an employee has reason to know that the prisoner is in need of immediate medical care and fails to take reasonable action. Discovery is needed to determine the viability of this claim.

c.  Third Claim:   Like above, the professional negligence claim is fact dependent and discovery is needed.

4.  Motions:   Defendant filed an answer. There are no pending motions. It is too early to determine whether either party will file a motion for summary judgment or partial summary judgment.

5.  Amendment of Pleadings:   Plaintiff will amend the complaint to add individual defendants when their identities and circumstances giving rise to liability are discovered.

6.  Evidence Preservation:   Defendant has obtained or requested plaintiff's correctional and medical files in their custody. It is not evident to defendants what additional evidence needs to be preserved. Defendant requests that plaintiff preserve copies of grievances and other paperwork she prepared or received while in custody, as well as any non-privileged notes or other relevant documents. Plaintiff requests that all grievances and other paperwork associated

with the facts underlying this case also be preserved.

7. <u>Disclosures</u>: Initial disclosures are scheduled to be completed on April 29, 2008. Parties have agreed to comply with the deadline.

8. <u>Discovery</u>: The parties completed their Federal Rule of Civil Procedure 26f conference on April 17, 2008. No discovery has occurred at this time. The parties agree to comply with the Federal Rules and Local Rules for discovery.

9. <u>Related Cases</u>: There are no related proceedings.

10. <u>Relief</u>: Plaintiff requests general and special damages, including pain suffering, incurred medical expenses, lost wages, and other damages. Plaintiff is still seeking the total cost of medical care and calculating damages.

11. <u>Settlement and ADR</u>: The parties have requested a settlement conference with a magistrate judge and filed the appropriate ADR certifications. The parties have discussed the utility in early settlement negotiations but agree that some early discovery is needed before either party is in a position to discuss their settlement positions. Specifically, the parties need to review the medical records relevant to plaintiff's care and treatment, as well as the records concerning plaintiff's incarceration and her requests for medical care. Additionally, it is possible that some select depositions will be necessary beforehand and possibly consultations with experts/consultants. Thus, the parties agree that while ADR is appropriate for this case the parties may need to engage in some early discovery beforehand.

12. <u>Consent to Magistrate Judge For All Purpose</u>: Defendant did not consent to a magistrate assignment for this case.

13. <u>Other References</u>: The case is not suitable for binding arbitration.

14. <u>Narrowing of Issues</u>: The parties do not have any suggestions at this time for narrowing issues.

15. <u>Expedited Schedule</u>: While the parties do not believe this case will take an extraordinary amount of time, the parties do not believe that streamlining measures are needed to move the case along. The parties will conduct written discovery, serve document subpoenas, take depositions, retain experts, and then prepare for resolution or trial.

16. <u>Scheduling</u>: The parties propose the following schedule:

    a. Last day to add additional parties is July 31, 2008.

    b. Close of percipient discovery is January 30, 2008.

    c. Last day to file dispostive motions is January 30, 2009.

    d. Last day for plaintiff to disclose expert witnesses pursuant to Federal Rule of Civil Procedure Rule 26 is March 20, 2009.

    e. Last day for defendant to disclose expert witnesses pursuant to Federal Rule of Civil Procedure Rule 26 is April 10, 2009.

    f. Close of expert discovery is July 6, 2009.

    g. Pretrial conference for August of 2009 at the convenience of the Court's calendar.

    h. Trial for fall of 2009 at the convenience of the Court's calendar.

17. <u>Trial</u>: The parties anticipate that the case will be tried to a jury an anticipate that the expected length is 4-6 days.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: This rule does not apply to defendant County. Plaintiff will file necessary disclosures prior to the case management conference.

Dated: April 24, 2008

/S/ JEREMY L. FRIEDMAN  
JEREMY L. FRIEDMAN

Attorneys for Plaintiff  
LAILA BATTS

Dated: April 24, 2008

/S/ ARYN PAIGE HARRIS  
ARYN PAIGE HARRIS

Attorneys for Defendant  
COUNTY OF SANTA CLARA

123406.wpd