ANN MILLER RAVEL, County Counsel (S.B. #62139)
ARYN PAIGE HARRIS, Deputy County Counsel (S.B. #208590)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE)

LAILA BATTS,                                    )     No.     C08-00286 JW
                                                )
       Plaintiff,                        )     **[PROPOSED] PROTECTIVE ORDER**
                                                )
v.                                              )
                                                )
COUNTY OF SANTA CLARA,                          )
                                                )
       Defendant.                        )
_____)

1.   <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be

warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

following Stipulated Protective Order. The parties acknowledge that this Order does not confer

blanket protections on all disclosures or responses to discovery and that the protection it affords

extends only to the limited information or items that are entitled under the applicable legal

principles to treatment as confidential. The parties further acknowledge, as set forth in Section

10, below, that this Stipulated Protective Order creates no entitlement to file confidential

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

and reflects the standards that will be applied when a party seeks permission from the court to

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

1   file material under seal.

2       2.   <u>DEFINITIONS</u>

3       2.1.   Party:  any party to this action, including all of its officers, directors,

4   employees, consultants, retained experts, and outside counsel (and their support staff).

5       2.2   Disclosure or Discovery Material: all items or information, regardless of the

6   medium or manner generated, stored, or maintained (including, among other things, testimony,

7   transcripts, or tangible things) that are produced or generated in disclosures or responses to

8   discovery in this matter.

9       2.3   "Confidential" Information or Items: information (regardless of how

10  generated, stored or maintained) or tangible things that qualify for protection under standards

11  developed under F.R.Civ.P. 26(c).

12      2.4   "Highly Confidential - Attorneys' Eyes Only" Information or Items:

13  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

14  non-party would create a substantial risk of serious injury that could not be avoided by less

15  restrictive means.

16      2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from

17  a Producing Party.

18      2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery

19  Material in this action.

20      2.7.   Designating Party a Party or non-party that designates information or items

21  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

22  Confidential - Attorneys' Eyes Only."

23      2.8   Protected Material: any Disclosure or Discovery Material that is designated

24  as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

25      2.9.   Outside Counsel: attorneys who are not employees of a Party but who are

26  retained to represent or advise a Party in this action.

27      2.10   House Counsel: attorneys who are employees of a Party.

28      2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as

their support staff).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not

1  warranted are not swept unjustifiably within the ambit of this Order.

2      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

3  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

4  unnecessarily encumber or retard the case development process, or to impose unnecessary

5  expenses and burdens on other parties), expose the Designating Party to sanctions.

6      If it comes to a Party's or a non-party's attention that information or items that

7  designated for protection do not qualify for protection at all, or do not qualify for the level of

8  protection initially asserted, that Party or non-party must promptly notify all other parties that it

9  is withdrawing the mistaken designation.

10      5.2    Manner and Timing of Designations.  Except as otherwise provided in this

11  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

12  ordered, material that qualifies for protection under this Order must be clearly so designated

13  before the material is disclosed or produced.

14      Designation in conformity with this Order requires:

15      (a) for information in documentary form (apart from transcripts of depositions or

16  other pretrial or trial proceedings), that the Producing Party affix the legend

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top

18  of each page that contains protected material. If only a portion or portions of the material on a

19  page qualify for protection, the Producing Party also must clearly identify the protected portions

20  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

21  level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

22  ATTORNEYS' EYES ONLY").

23      A Party or non-party that makes original documents or materials available for

24  inspection need not designate them for protection until after the inspecting Party has indicated

25  which material it would like copied and produced. During the inspection and before the

26  designation, all of the material made available for inspection shall be deemed "HIGHLY

27  CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

28  the documents it wants copied and produced, the Producing Party must determine which

1    documents, or portions thereof, qualify for protection under this Order, then, before producing

2    the specified documents, the Producing Party must affix the appropriate legend

3    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the

4    top of each page that contains Protected Material.  If only a portion or portions of the material

5    on a page qualify for protection, the Producing Party also must clearly identify the protected

6    portions (e.g., by making appropriate markings in the margins) and must specify, for each

7    portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL - ATTORNEYS' EYES ONLY").

9                 (b) for testimony given in deposition or in other pretrial or trial proceedings, that

10    the Party or non-party offering or sponsoring the testimony identify on the record, before the

11    close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

12    any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS'

13    EYES ONLY."  When it is impractical to identify separately each portion of testimony that is

14    entitled to protection, and when it appears that substantial portions of the testimony may qualify

15    for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke

16    on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

17    identify the specific portions of the testimony as to which protection is sought and to specify the

18    level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

19    ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

20    designated for protection within the 20 days shall be covered by the provisions of this Stipulated

21    Protective Order.

22            Transcript pages containing Protected Material must be separately bound by

23    the court reporter, who must a affix to the top of each such page the legend "CONFIDENTIAL"

24    or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or

25    non-party offering or sponsoring the witness or presenting the testimony.

26                 (c) for information produced in some form other than documentary and for any

27    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

28    container or containers in which the information or item is stored the legend

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only

2  portions of the information or item warrant protection, the Producing Party, to the extent

3  practicable, shall identify the protected portions, specifying whether they qualify as

4  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5       5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

6  designate qualified information or items as "CONFIDENTIAL" OR "HIGHLY

7  CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the

8  Designating Party's right to secure protection under this Order for such material.  If material is

9  appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

10  ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

11  timely notification of the designation, must make reasonable efforts to assure that the material is

12  treated in accordance with the provisions of this Order.

13       6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

14       6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's

15  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

16  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

17  waive its right to challenge a confidentiality designation by electing not to mount a challenge

18  promptly after the original designation is disclosed.

19       6.2  Meet and Confer. A Party that elects to initiate a challenge to a Designating

20  Party's confidentiality designation must do so in good faith and must begin the process by

21  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

22  with counsel for the Designating Party.  In conferring, the challenging Party must explain the

23  basis for its belief that the confidentiality designation was not proper and must give the

24  Designating Party an opportunity to review the designated material, to reconsider the

25  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

26  designation. A challenging Party may proceed to the next stage of the challenge process only if

27  it has engaged in this meet and confer process first.

28  / /

6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1    (c) the Court and its personnel;

2    (d) court reporters, their staff, and professional vendors to whom disclosure is

3    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

4    Protective Order" (Exhibit A); and

5    (e) the author of the document or the original source of the information.

6    7.4    Procedures for Approving; Disclosure of "HIGHLY CONFIDENTIAL -

7    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

8    (a) Unless otherwise ordered by the court or agreed in writing by the

9    Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

10   information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

11   EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

12   specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

13   disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

14   her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

15   Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

16   received compensation for work in his or her areas of expertise or to whom the expert has

17   provided professional services at any time during the preceding five years, and (6) identifies (by

18   name and number of the case, filing date, and location of court) any litigation in connection

19   with which the Expert has provided any professional services during the preceding five years.

20   (b) A Party that makes a request and provides the information specified in the

21   preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

22   within seven court days of delivering the request, the Party receives a written objection from the

23   Designating Party. Any such objection must set forth in detail the grounds on which it is based.

24   (c) A Party that receives a timely written objection must meet and confer

25   with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter

26   by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the

27   Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

28   Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

describe the circumstances with specificity, set forth in detail the reasons for which the

disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure

would entail and suggest any additional means that might be used to reduce that risk. In

addition, any such motion must be accompanied by a competent declaration in which the

movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the

content of the meet and confer discussions) and sets forth the reasons advanced by the

Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the

burden of proving that the risk of harm that the disclosure would entail (under the safeguards

proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that

would compel disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

immediately and in no event more than three court days after receiving the subpoena or order.

Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the

subpoena or order to issue in the other litigation that some or all the material covered by the

subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of

this Protective Order and to afford the Designating Party in this case an opportunity to try to

protect its confidentiality interests in the court from which the subpoena or order issued. The

Designating Party shall bear the burdens and the expenses of seeking protection in that court of

its confidential material - and nothing in these provisions should be construed as authorizing or

1    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

2           9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

4    Material to any person or in any circumstance not authorized under this Stipulated Protective

5    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

6    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

7    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

8    of this Order, and (d) request such person or persons to execute the "Acknowledgment and

9    Agreement to Be Bound" that is attached hereto as Exhibit A.

10          10. FILING PROTECTED MATERIAL.

11          Without written permission from the Designating Party or a court order secured after

12   appropriate notice to all interested persons, a Party may not file in the public record in this

13   action any Protected Material. A Party that seeks to file under seal any Protected Material must

14   comply with Civil Local Rule 79-5.

15          11. FINAL DISPOSITION.

16          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

17   after the final termination of this action, each Receiving Party must return all Protected Material

18   to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

19   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

20   Protected Material.  With permission in writing from the Designating Party, the Receiving Party

21   may destroy some or all of the Protected Material instead of returning it. Whether the Protected

22   Material is returned or destroyed, the Receiving Party must submit a written certification to the

23   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

24   deadline that identifies (by category, where appropriate) all the Protected Material that was

25   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

26   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

27   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

28   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

1  work product, even if such materials contain Protected Material. Any such archival copies that

2  contain or constitute Protected Material remain subject to this Protective Order as set forth in

3  Section 4 (DURATION), above.

4       12. <u>MISCELLANEOUS</u>

5       12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

6  person to seek its modification by the Court in the future.

7       12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

8  Protective Order no Party waives any right it otherwise would have to object to disclosing or

9  producing any information or item on any ground not addressed in this Stipulated Protective

10 Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

11 the material covered by this Protective Order.

12 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

13

14 DATED: June 2, 2009              _____/S/_____

                                     JEREMY FRIEDMAN

15

16                                      Attorney for Plaintiff

                                     LAILA BATTS

17      I hereby attest that I have on file the holograph signature for the signature indicated by

18 "conformed" signature (/S/) within this e-filed document.

19

20 DATED: June 2, 2009              _____/S/_____

                                     ARYN P. HARRIS

21

22                                      Attorneys for Defendant

                                     COUNTY OF SANTA CLARA

23 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

24

25 DATED: _____     _____

26                                     HONORABLE JAMES WARE

                                    United States District Judge

27

28 185657.wpd