*E-FILED 8/25/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20,<br><br>    Defendants. | No. C08-00286 JW (HRL)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION RE PLAINTIFF'S INDEPENDENT MENTAL EXAMINATION<br><br>[Re: Docket No. 55] |

## I.  BACKGROUND

Plaintiff Laila Batts claims that during her 10-day incarceration at the Elmwood Women's Facility from January 5-14, 2007, defendants failed to diagnose and provide appropriate medical care for her ectopic pregnancy. She seeks damages for alleged violation of her civil rights (42 U.S.C. § 1983), failure to summon medical care (Cal. Gov. Code § 845.6), and professional negligence. (Amended Complaint, Docket No. 63).

Batts indisputably has put her mental condition at issue. She claims severe emotional distress and psychological injury as a result of defendants' alleged conduct. She disclosed clinical psychologist, Gordon Ulrey, Ph.D. as an expert. Dr. Ulrey examined plaintiff for five hours over the course of two days and issued reports in May 2009 and June 2009 based on his examinations. Defendant County of Santa Clara ("County") disclosed Jeffrey Gould, M.D. as a

1 rebuttal expert witness. Plaintiff agrees to submit to a mental examination by Dr. Gould.
2 However, the parties dispute whether certain conditions should be imposed on Dr. Gould's
3 examination. In plaintiff's view, (1) Dr. Gould should not be permitted to conduct the
4 Minnesota Multiphasic Personality Inventory-2 (MMPI-2); (2) the duration of the examination
5 must be limited to five hours on one day; and (3) Dr. Gould should not be permitted to consult
6 with psychologist Dr. James Brumson as to test results.[1]

7 Presently before this court is the County's motion for an order permitting Dr. Gould's
8 examination to proceed without plaintiff's proposed conditions. Plaintiff opposes the motion.
9 Upon consideration of the moving and responding papers, as well as the arguments of counsel,
10 this court grants the motion in part and denies it in part.

## II. DISCUSSION

12 Federal Rule of Civil Procedure 35 authorizes a court to order a party to submit to a
13 mental examination by a suitably licensed or certified examiner when that party's mental
14 condition is in controversy. FED. R. CIV. P. 35(a)(1). Such an order may be made only upon a
15 noticed motion for good cause shown and "must specify the time, place, manner, conditions and
16 scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P.
17 35(a)(2). As noted above, although there is no dispute that plaintiff will submit to an exam, the
18 parties disagree on nearly everything else.

19 A.   Scope of the Examination
20    1.   MMPI-2
21 The County says that Dr. Gould's examination will include one or more of the following
22 tests: the MMPI-2, the Millon Clinical Multiaxial Inventory III and Incomplete Sentences
23 Blank.[2] Plaintiff objects only to the proposed administration of the MMPI-2 on the grounds that

---

[1] Batts also requested an order directing the County to pay for half of her airfare that will be incurred in traveling to Dr. Gould's office for the examination. At the motion hearing, the County stated that it has agreed to do so. Accordingly, that issue is deemed moot.

[2] Plaintiff says that the County previously proposed seven psychological tests to be administered by Dr. Gould. (See Opp. at 4). However, these three tests are the only ones identified by the County in its motion papers, and at the motion hearing, the County

2

it will be unreasonably duplicative and burdensome. Plaintiff says that she already submitted to that test during Dr. Ulrey's examination. She also contends that a repeat of that test is unnecessary because Dr. Ulrey has agreed to share his raw data (and not just his interpretive results) directly with Dr. Gould – a practice which Dr. Ulrey avers is standard industry practice. (Ulrey Decl., ¶ 9). Because Dr. Gould currently is a rebuttal expert, plaintiff contends that there is nothing unfair about requiring him to evaluate data obtained by Dr. Ulrey.

Dr. Gould wishes to conduct his own MMPI and says that it is standard practice to conduct this test in an independent mental exam. (Gould Decl. ¶ 7). The County argues that Gould should not be forced to rely on Dr. Ulrey's test results because that data might be faulty. (Id.). The County also points out that Judge Ware's August 4, 2009 scheduling order re-opens the period for expert disclosures. As such, defendants intend to disclose Dr. Gould as an affirmative testifying expert (not just a rebuttal expert). Consequently, they contend that Dr. Gould's testimony should not be cabined by anything Dr. Ulrey did.

There is nothing in the record presented to suggest that Dr. Ulrey's test data is faulty. At the same time, however, Dr. Gould says that it is important for him to be able to administer his own MMPI, and plaintiff's arguments as to burden are underwhelming. Defendants' motion as to this issue is granted.

2.      Plaintiff's Psychiatric, Mental and Emotional History

Plaintiff argues that Dr. Gould should not be permitted to inquire into her psychiatric, mental or emotional history. She contends that his opinions on those matters are irrelevant and unlikely to lead to admissible evidence. It is not clear where she draws the line, however, because she also seems to agree that Dr. Gould can certainly examine her about other life stressors. The County argues that plaintiff's past history is fair game for the examination because it may be that her claimed present mental distress and psychological injuries are due to factors other than defendants' alleged conduct. Here, the County points out that Dr. Ulrey assessed plaintiff's past psychological history and acknowledged that she has had

---

confirmed that these are the only tests Dr. Gould seeks to administer.

3

1 psychological/mental/emotional difficulties that pre-exist the events forming the basis for this
2 lawsuit.

3       The County is entitled to discover what other causes, if any, there are for plaintiff's
4 claimed mental distress and psychological injuries. See, e.g., Fitzgerald v. Cassil, 216 F.R.D.
5 632, 638 (N.D. Cal. 2003) (concluding that defendant could examine plaintiff about other
6 stressors or factors that may explain or have contributed to the alleged emotional distress). Its
7 motion as to this issue is granted.

8 B.    Dr. James Brumson

9       Dr. Gould intends to consult with psychologist Dr. James Brumson to interpret the
10 results of plaintiff's psychological tests. He says that this is standard practice in the
11 "medical/legal context." (Gould Decl., ¶ 9). Dr. Gould will conduct the examination and
12 administer all of the tests. However, he attests that his consultation with Dr. Brumson is
13 necessary for evaluation of test results. (Id.). Plaintiff objects to the use of Dr. Brumson
14 because defendant never disclosed him as an expert who would review test data or provide an
15 expert opinion.

16       At the motion hearing, the County confirmed that, in view of Judge Ware's recent order
17 re-opening the period for expert disclosures, it will disclose Dr. Brumson as an expert, albeit the
18 County does not believe that it is necessary to do so. Indeed, Dr. Gould indicates that Dr.
19 Brumson's role will simply be to provide interpretive data for Dr. Gould to use, much the way a
20 medical technician reports findings to a doctor. (Gould Decl., ¶ 9). Plaintiff has not
21 convincingly argued why Dr. Gould should be precluded from doing so. At any rate, in light of
22 the County's stated intent to designate Dr. Brumson as an expert, this court sees no reason to
23 preclude Dr. Gould from consulting with him. Plaintiff now protests that this may mean that
24 defendant will seek to offer duplicative expert testimony on the same subject, but that is not an
25 issue for this court to decide. The County's motion as to this issue is granted.

26 C.    Duration

27       Dr. Gould's examination will be limited to five hours on one day. Although the County
28 objects to any temporal limitations at the outset, Dr. Gould attests that five hours is typical.

4

1  (Gould Decl., ¶ 6). The five-hour time limit is also being set with the understanding and
2  expectation that plaintiff will be cooperative in the examination. Any breaks taken during the
3  examination shall not count against the five-hour time limit. Although the defense motion on
4  this issue is being denied, the denial is without prejudice to the County to move for additional
5  time for Gould's examination if plaintiff's conduct hampers, impedes, frustrates or otherwise
6  delays the examination or if it is established that any fatigue impaired the examination or
7  otherwise affected the test results.

## III.  ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff shall appear for and submit to psychological testing and examination before Jeffrey Gould, M.D., represented by defendant to be a duly licensed psychiatrist. The testing shall take place at Dr. Gould's office on either September 3, 2009, September 17, 2009 or September 18, 2009 at a time mutually available to plaintiff and Dr. Gould.

2. The examination shall be limited to five hours on one day. Any breaks taken during the examination shall not count against the five-hour time limit. This order is without prejudice to defendants to seek an order for more time if plaintiff's conduct hampers, impedes, frustrates or otherwise delays the examination or if is established that plaintiff's fatigue impaired the examination or otherwise affected the test results.

3. Dr. Gould's examination shall include only the following tests: the MMPI-2, the Millon Clinical Multiaxial Inventory III and Incomplete Sentences Blank.

4. Dr. Gould is permitted to examine plaintiff as to her past mental/psychological/emotional history.

5. Dr. Gould is permitted to consult with Dr. James Brumson as to the results of the tests.

Dated: August 25, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1  5:08-cv-00286-JW Notice has been electronically mailed to:

2  Aryn Paige Harris aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

3  Gregory Joseph Sebastinelli gregory.sebastinelli@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

4

5  Jeremy L. Friedman jlfried@comcast.net

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California