IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Laila Batts, | NO. C 08-00286 JW |
| Plaintiff, | **ORDER DENYING REVIEW OF MAGISTRATE JUDGE'S ORDER** |
| v. | |
| County of Santa Clara, et al., | |
| Defendants. | |

On August 27, 2009, Magistrate Judge Lloyd issued an Order Granting in Part and Denying in Part Parties' Motions Re Subpoenaed Records,[1] in which he denied Defendants' motion to compel discovery of Plaintiffs' pre-incarceration psychiatric records. In his Order, Judge Lloyd found that Plaintiff had not waived the therapist-patient privilege with respect to psychiatric records pre-dating the events at issue in the litigation. (Order at 4.)

Presently before the Court is Defendants' Motion for Review of Magistrate Judge Howard R. Lloyd's Non-Dispositive Order. (hereafter, "Motion," Docket Item No. 90.) Defendants contend that the Order is contrary to law because even under the "narrow" approach to patient-therapist privilege, Plaintiff waived the privilege when she put her mental state at issue in the litigation and retained an expert to testify on that subject. (Motion at 7-16.)

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. §

---

[1] (hereafter, "Order," Docket Item No. 88.)

636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a Magistrate Judge's order without first giving the opposing party an opportunity to brief the matter.[2] See Civ. L.R. 72-2.

In his Order, Judge Lloyd applied the "narrow" approach to the therapist-patient privilege to find that Plaintiff had not waived the privilege as to pre-incarceration records. (Order at 4.) Although there is some disagreement in the courts as to which of the three approaches to the privilege is the correct one, the Ninth Circuit has not addressed the issue directly, and so the Judge Lloyd's decision to apply the narrow approach was not contrary to law. See Fitzgerald v. Cassil, 216 F.R.D. 632, 636 (N.D. Cal. 2003). Under the narrow approach, "there must be an affirmative reliance on the psychotherapist-patient communications before the privilege will be deemed waived." Id. (citing Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997); Hucko v. City of Oak Forest, 185 F.R.D. 526 (N.D. Ill. 1999)). In finding that Plaintiff did not waive the privilege as to pre-incarceration records, Judge Lloyd relied on Plaintiff's representation that "she has no intention of relying on any pre-incarceration records or treatment provider testimony." (Order at 5.) Furthermore, Judge Lloyd noted that "the privilege does not preclude defendants from examining plaintiff, her experts or defense experts about other stressors or contributing factors that may explain or have contributed to her claimed current emotional distress." (Id.)

The Court finds that Judge Lloyd's Order is not contrary to law. While Plaintiff has alleged that Defendants' actions caused her psychiatric injury and has disclosed an expert witness to testify as to that injury, there is no indication that Plaintiff relies on any pre-incarceration communications with therapists to support her claim. Judge Lloyd acknowledged that Plaintiff "indisputably has put her mental condition at issue." (Order at 1.) However, placing her mental condition in issue is not

---

[2] Plaintiffs have filed an Opposition to Defendants' Objection. (See Docket Item No. 100.)

2

by itself sufficient to waive the privilege under the narrow view.[3]  Under the narrow view, Plaintiff only waives the privilege as to those communications that she affirmatively relies upon in making her claim of psychiatric injury.  Thus, the Court finds that Judge Lloyd's finding that Plaintiff has not waived the therapist-patient privilege as to pre-incarceration records was not contrary to law.

Accordingly, the Court DENIES Defendants' Motion to Review the Magistrate Judge's Order, without prejudice to Defendants' ability to again move to compel discovery of pre-incarceration records at such time that Plaintiff affirmatively relies upon pre-incarceration psychotherapy communications in support of her claim for emotional damages.

Dated: November 6, 2009

JAMES WARE  
United States District Judge

---

[3] Under the middle view, alleging a specific psychiatric disorder is normally sufficient to waive the privilege.  Fitzgerald, 216 F.R.D. at 637 (citing Ruhlman v. Ulster County Dep't of Soc. Servs., 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000).

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aryn Paige Harris aryn.harris@cco.sccgov.org
Gregory Joseph Sebastinelli gregory.sebastinelli@cco.co.scl.ca.us
Jeremy L. Friedman jlfried@comcast.net

**Dated: November 6, 2009**                                   **Richard W. Wieking, Clerk**

                                                      **By:   /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**