**\*E-FILED 11-19-2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS, | No. C08-00286 JW (HRL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL EXPERT REPORTS** |
| v. | |
| COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20, | [Re: Docket No. 45] |
| Defendants. | |

Plaintiff Laila Batts claims that during her 10-day incarceration at the Elmwood Women's Facility ("Elmwood") from January 5-14, 2007, defendants failed to diagnose and provide appropriate medical care for her ectopic pregnancy. She seeks damages for alleged violation of her civil rights (42 U.S.C. § 1983), failure to summon medical care (Cal. Gov. Code § 845.6), and professional negligence. (Amended Complaint, Docket No. 63).

Batts now brings before this court a discovery dispute concerning two of the defense's non-retained experts who are also County employees: (1) Peter Crandall, M.D. and (2) Lori Horn, R.N. (See Harris Decl., Ex. A). Dr. Crandall is identified as an OB/GYN who treated plaintiff on January 10, 2007. With leave of court, Batts has amended her complaint to add him as a defendant. Nurse Horn is identified as a registered nurse who works at Elmwood.

As originally presented, Batts' motion sought an order precluding Dr. Crandall from

offering any expert testimony. However, the admissibility of expert testimony is not a question that properly is before this court. Indeed, more than two weeks before plaintiff filed the instant motion, Judge Ware denied the parties' respective motions to exclude certain expert testimony without prejudice to renew those motions at trial. (See Docket No. 35).

In her reply papers, Batts confirms that the only issue on the instant motion is whether the County should be compelled to provide written expert reports from Crandall and Horn. Plaintiff argues that fairness requires the County to provide reports disclosing the content and bases of Crandall's and Horn's opinions. The County opposes the motion on the ground that no written report is required from either witness. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court denies the motion.

A party must disclose the identity of all persons it may use to present expert testimony at trial. Unless otherwise stipulated or ordered by the court, however, written reports are required only for an expert (1) who is "retained or specially employed to provide expert testimony in the case" or (2) "whose duties as the party's employee regularly involve giving expert testimony." FED.R.CIV.P. 26(a)(2)(B).

With respect to Dr. Crandall, there is no dispute that, as a treating physician, he may testify as to matters based on his treatment of plaintiff, without providing an expert report beforehand. See Fielden v. CSX Transp., Inc., 482 F.3d 866, 869 (6th Cir. 2007); see also Fed. R. Civ. P. 26 advisory committee's note (1993) ("A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). However, "when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony," a treating physician is required to provide an expert report. Ordon v. Karpie, 223 F.R.D. 33, 36 (D. Conn. 2004); see also Hall v. Sykes, 164 F.R.D. 46, 48-49 (E.D. Va. 1995) ("However, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based on factors that were not learned in the course of the treatment of the patient, then such a doctor would be required to present an expert written report."). At the motion hearing, the County represented to

1  this court that it will not elicit from Dr. Crandall any testimony on issues beyond his treatment
2  of plaintiff. That is, defendants say that Dr. Crandall will testify about his course of treatment
3  of Batts and why he made the choices that he did in connection with that treatment. This court
4  finds no compelling reason to depart from the general rule that he need not provide an expert
5  report. Accordingly, plaintiff's motion to compel as to Dr. Crandall is denied.

6  As for Nurse Horn, courts are split as to how strictly the report requirement should be
7  enforced as to designated employee-experts whose work duties do not involve giving expert
8  testimony. Some courts conclude that, under the plain language of Fed. R. Civ. P. 26, reports
9  are not required from such witnesses. See, e.g., Greenhaw v. City of Cedar Rapids, 255 F.R.D.
10 484 (N.D. Iowa 2009). Courts in this district have held that reports may be required "from
11 employee experts who render opinions on matters outside the scope of their employment."
12 Funai Elec. Co. v. Daewoo Elecs. Corp., No. C04-1830CRB (JL), 2007 WL 108972 at *3 (N.D.
13 Cal., Apr. 11, 2007); Coleman v. Schwarzenegger, No. C01-1351TEH, 2008 WL 4161623 at *1
14 (N.D. Cal., Sept. 5, 2008). The bottom line, in any event, is that the decision whether to impose
15 a report requirement remains within the court's discretion. See Fed. R. Civ. P. 26(a)(2)(B).

16 Here, Horn is identified as a nurse manager at Elmwood. According to the County, her
17 employment duties do not involve giving expert testimony. There is nothing in the record
18 presented to contradict that assertion. Horn did not treat plaintiff; and, defendants say that she
19 will not offer opinions as to whether a particular person met the standard of care in treating
20 Batts. Rather, Horn is being offered to testify (a) about the County's policies and procedures in
21 the jail setting generally and at Elmwood specifically and (b) whether, in her opinion, those
22 policies and procedures meet the applicable standard of care. This court finds that Horn may,
23 within the regular scope of her employment at Elmwood, develop such opinions. Plaintiff has
24 not convincingly demonstrated that she will be unduly prejudiced in deposing Horn without a
25 written report. Accordingly, her motion is denied.

26 SO ORDERED.
27 Dated: November 19, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:08-cv-00286-JW Notice has been electronically mailed to:

2  Aryn Paige Harris aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

3  Gregory Joseph Sebastinelli gregory.sebastinelli@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

4  Jeremy L. Friedman jlfried@comcast.net

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4