**\*E-FILED 11-19-2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS, | No. C08-00286 JW (HRL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20, | **[Re: Docket No. 43]** |
| Defendants. | |

Plaintiff Laila Batts claims that during her 10-day incarceration at the Elmwood Women's Facility ("Elmwood") from January 5-14, 2007, defendants failed to diagnose and provide appropriate medical care for her ectopic pregnancy. She seeks damages for alleged violation of her civil rights (42 U.S.C. § 1983), failure to summon medical care (Cal. Gov. Code § 845.6), and professional negligence. (Amended Complaint, Docket No. 63).

Plaintiff moves for sanctions for alleged deposition misconduct by the County. The County opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court denies the motion.

A.  Deposition of Nurse Palza

Palza is identified as a Kaiser nurse who treated plaintiff after plaintiff's release from Elmwood. Plaintiff has disclosed Palza as a non-retained expert. The parties dispute whether

plaintiff may elicit certain opinions from Palza without first providing a written expert report under Fed. R. Civ. P. 26(a)(2).

A party must disclose the identity of all persons it may use to present expert testimony at trial. Unless otherwise stipulated or ordered by the court, however, written reports are required only for an expert (1) who is "retained or specially employed to provide expert testimony in the case" or (2) "whose duties as the party's employee regularly involve giving expert testimony." FED.R.CIV.P. 26(a)(2)(B). Under the so-called "treating physician rule," a treating physician may testify as to matters based on her treatment of plaintiff, without providing an expert report beforehand. See Fielden v. CSX Transp., Inc., 482 F.3d 866, 869 (6th Cir. 2007). However, when the physician's proposed opinion testimony extends beyond the facts made known to her during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, the physician is required to provide an expert report. Ordon v. Karpie, 223 F.R.D. 33, 36 (D. Conn. 2004); see also Hall v. Sykes, 164 F.R.D. 46, 48-49 (E.D. Va. 1995).

In this case, there seems to be no dispute that the "treating physician" rule may be extended to any treating provider. See FED. R. CIV. P. 26 advisory committee's note (1993) ("A treating physician, *for example*, can be deposed or called to testify at trial without any requirement for a written report.") (emphasis added). However, the parties disagree whether plaintiff has or will elicit testimony from Palza that extends beyond Palza's treatment of plaintiff. Although plaintiff says she will do no such thing, the record presented indicates otherwise. (See, e.g., Friedman Decl., Ex. A (Plaintiff's Rule 26(a)(2) Disclosure"); Harris Decl., Ex. B (Palza Depo.)). Batts may, without providing a report, elicit Palza's testimony as to her course of treatment of plaintiff and why Palza made the choices that she did in connection with that treatment. However, if Batts seeks Palza's opinion on matters beyond her own care and treatment of plaintiff, plaintiff must first provide a written report from Palza under Fed. R. Civ. P. 26(a)(2).

Plaintiff's motion with respect to Palza's deposition is denied.

B.  The Fed. R. Civ .P. 30(b)(6) deposition of the County

Pursuant to Fed. R. Civ. P. 30(b)(6), plaintiff served a notice for the County's deposition. The notice required the County to designate "Deponent A" to testify about the County's document preservation and production:

> Deponent A:   County manager, supervisor or employee with most knowledge of defendant's search, preservation and production of documents in this litigation, and in particular, the County medical records of plaintiff produced in this case.

(Friedman Decl., Exh. C). The County produced Nurse Manager Marian Anderson to testify on its behalf. Plaintiff says that Anderson was unprepared. The County maintains that Anderson was prepared to testify as to the subjects Batts identified for "Deponent A." It contends that Batts frequently posed questions that were outside the topics for which Anderson was designated to testify.

Plaintiffs' motion is denied. Although the County's instructions for Anderson not to answer were generally improper, see, e.g., Detoy v. City and County of San Francisco, 196 F.R.D. 362, 367 (N.D. Cal. 2000), some of plaintiff's questions were so far afield of the subject matter for which Anderson was designated to testify as to deprive the County of fair notice as to the scope of the examination. (See Harris Decl., Ex. E at 51:1-53:16). Moreover, plaintiff has not convincingly demonstrated that Anderson was unprepared to testify as to the topics for which she was designated by the County.

C.  Other Alleged Deposition Misconduct

Plaintiff contends that throughout this litigation, defendants have engaged in alleged deposition misconduct – e.g., coaching witnesses, making improper instructions not to answer, and taking unscheduled breaks while questions are pending. As discussed at the motion hearing, this court finds that neither side's conduct has been particularly commendable. Plaintiffs' motion for sanctions therefore is denied. Nevertheless, because the parties appear unable (or unwilling) to deal reasonably with one another, this court finds it necessary to provide some general guidelines:

3

  a. Counsel shall refrain from instructing deponents not to answer pending questions, except as authorized under Fed. R. Civ. P. 30(c)(2);

  b. Counsel shall avoid speaking objections and shall state objections concisely in a non-argumentative and non-suggestive manner, Fed. R. Civ. P. 30(c)(2);

  c. No breaks shall be taken while a question is pending;

  d. Breaks taken during the depositions shall not count against the time limit for the examination; and

  e. Colloquy between counsel on the record shall not count against the time limit for the examination.

SO ORDERED.

Dated: November 19, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:08-cv-00286-JW Notice has been electronically mailed to:

Aryn Paige Harris aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

Gregory Joseph Sebastinelli gregory.sebastinelli@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Jeremy L. Friedman jlfried@comcast.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.