**\*E-FILED 11-20-2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20,<br><br>    Defendants. | No. C08-00286 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION AND INTERROGATORY ANSWERS**<br><br>**[Re: Docket No. 44]** |

Plaintiff Laila Batts claims that during her 10-day incarceration at the Elmwood Women's Facility ("Elmwood") from January 5-14, 2007, defendants failed to diagnose and provide appropriate medical care for her ectopic pregnancy. She seeks damages for alleged violation of her civil rights (42 U.S.C. § 1983), failure to summon medical care (Cal. Gov. Code § 845.6), and professional negligence. (Amended Complaint, Docket No. 63).

Plaintiff moves for an order compelling the County to produce documents and answer interrogatories.[1] The County opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

---

[1] The issues discussed here are only some of the matters raised in plaintiff's motion. This court has addressed the other issues raised in a separately filed order. (See Docket No. 88). Additionally, although plaintiff references certain Requests for Admission, those requests apparently are not at issue in this motion.

A.     Plaintiff's Motion to Compel Document Production

The documents at issue have been somewhat of a moving target. Nevertheless, based on the discussion at the motion hearing, it appears that there still is a dispute as to the following three categories of documents:

1. initial classification documents for plaintiff's incarceration;

2. documents identifying individuals who were in the same location in the jail as plaintiff; and

3. nursing shift-reports from January 2007 and computer data showing the timing and actors involved in making medical appointments for plaintiff during her incarceration.

The initial classification reports are identified as documents used by jail staff to determine where a particular inmate is going to be housed within the jail. Plaintiff argues that there is no reason why these documents should not be produced now that a protective order has been entered. The County claims that these documents are not merely confidential, they are privileged. The existence of any privilege (and the scope of any waiver or exception to the privilege that would permit disclosure to plaintiff) has not been adequately raised or briefed on the instant motion. Accordingly, no later than **December 4, 2009**, the County shall file papers supporting its claim that the requested initial classification reports properly may be withheld from discovery as privileged. On that same day, the County shall also lodge a copy of Batts' initial classification reports with chambers for an *in camera* review. Plaintiff shall file a response to the County's papers no later than **December 11, 2009**. Unless otherwise ordered, the matter will be deemed submitted upon the papers.

As for the second category of documents at issue, plaintiff says that she wants the identification of and last known contact information for the six or seven inmates who occupied beds next to hers, as well as their last known addresses. Reportedly, Batts was housed in a dorm setting at Elmwood with perhaps as many as 39 other inmates. The County produced a list of 30 or so inmates, but plaintiff says that their jail location and contact information were not included. The County claims that its records do not include information as to a particular inmate's bed assignment. At the motion hearing, it further indicated that an inmate's last

1    known contact information is not readily available to the County.  Accordingly, plaintiff's
2    motion will be granted as follows:   To the extent the County has the information plaintiff seeks,
3    and to the extent it has not already done so, it shall produce the requested information to Batts
4    within ten days from the date of this order.  If the County does not have the requested
5    information, then it shall serve plaintiff with declaration(s) from appropriate person(s) with
6    knowledge attesting that the information plaintiff seeks (a) does not exist or (b) is not within the
7    County's legal possession, custody or control.

8    Finally, as to the nursing shift reports from January 2007, the County says that it has
9    produced a 24-hour nursing log.  However, plaintiff says that she seeks certain computer data
10   showing (a) who made the first medical appointment for Batts while she was at Elmwood and
11   (b) when that first appointment was made.  Defendants advise that once an appointment date is
12   changed, the original appointment data is automatically overwritten by the jail's main computer
13   system.  However, Batts believes that the information might still be available on the computer
14   of the individual (possibly, an intake nurse) who originally made plaintiff's first medical
15   appointment.  If so, Batts wants that information produced; if not, she requests a certification
16   that the data is no longer available.  The County says that it has produced all documents that
17   exist.  However, it agrees to follow up on plaintiff's request to see if the information might still
18   be available on an individual computer.  Accordingly, plaintiff's motion is granted as follows:
19   Within ten days from the entry of this order, and to the extent it has not already done so, the
20   County shall conduct a diligent inquiry and reasonable search to determine if the requested
21   information still exists on an individual computer.  If so, the information shall promptly be
22   produced to plaintiff.  If not, the County shall serve on plaintiff declaration(s) from appropriate
23   person(s) with knowledge attesting that the data sought is no longer available.

B.    <u>Plaintiff's Motion to Compel Interrogatory Answers</u>

Plaintiff's motion to compel further answers to Interrogatory Nos. 1-5, 7, 13, 15, and 16 is denied.  She has failed to persuade this court that the County did not satisfy its reasonably construed discovery obligations.

SO ORDERED.

Dated: November 20, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

1  5:08-cv-00286-JW Notice has been electronically mailed to:

2  Aryn Paige Harris aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

3  Gregory Joseph Sebastinelli gregory.sebastinelli@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

4  Jeremy L. Friedman jlfried@comcast.net

6  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.