IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Laila Batts, | NO. C 08-00286 JW |
| Plaintiff, | **ORDER OVERRULING IN PART PLAINTIFF'S DISCOVERY OBJECTIONS; SETTING BRIEFING ON REMAINING DISCOVERY OBJECTIONS** |
| v. | |
| County of Santa Clara, et al., | |
| Defendants. | |

Presently before the Court are Plaintiff's Objections to Portions of Magistrate Judge's Discovery Orders[1] and Plaintiff's Response re Order to Show Cause re Timely Objections to Magistrate Judge's Discovery Orders.[2]

**A.   Background**

On December 10, 2009, Plaintiff filed Objections to three discovery orders that Magistrate Judge Lloyd issued on November 19 and 20, 2009. (See Objections; Docket Item Nos. 116, 117, and 119.) On December 17, 2009, Defendants filed a Response to Plaintiff's Objections to Portions of Magistrate Judge's Discovery Orders, in which they contended that Plaintiff's Objections were not timely filed. (See Docket Item No. 142.) On December 18, 2009, the Court issued an Order to Show Cause re: Untimely Objections to Discovery Orders. (hereafter, "Order to Show Cause,"

---

[1] (hereafter, "Objections," Docket Item No. 137.)

[2] (hereafter, "Response," Docket Item No. 144.)

Docket Item No. 143.) Pursuant to the Order to Show Cause, Plaintiff timely submitted her Response and addressed the issue of the timeliness of her Objections.

**B.  Discussion**

    **1.  Timeliness of Objections**

At issue is whether Plaintiff's Objections were timely filed.

As a preliminary matter, the Court notes that the 2009 Amendments to the Federal Rules of Civil Procedure took effect on December 1, 2009. Since the discovery orders to which Plaintiff objects were issued on November 19 and 20, 2009, the Court will apply the rules as they were formulated prior to the 2009 Amendments.

Federal Rules of Civil Procedure 72(a) provides that a party may serve and file objections to a magistrate judge's order on a nondispositive matter within 10 days after being served with a copy. When computing a time period specified in the Rules: (1) the day of the act, event, or default that begins the period are excluded, and (2) intermediate Saturdays, Sundays, and legal holidays are excluded when the period is less than 11 days. Fed. R. Civ. P. 6(a). Federal Rules of Civil Procedure 6(d) provides that "[w]hen a party may or must act within a specified time after service and service is made [electronically], 3 days are added after the period would otherwise expire under Rule 6(a)."

Here, excluding weekends and the intervening Thanksgiving holiday and adding three additional days pursuant to Rule 6(d), the time period to file objections to the discovery orders issued on November 19, 2009 expired on December 10, 2009, while the time period to file objections to the discovery order issued on November 20, 2009 expired on December 11, 2009. Plaintiff filed her Objections on December 10, and thus they were timely.

Defendants contend that under the "former version" of Rule 6, the three-day extension for service by mail applies to the 10-day objection period only if the magistrate judge's order or recommendation is served by mail, and since service here was electronic, Plaintiff does not receive the benefit of the three additional days. Defendants' contention is without merit. The "former

2

1 version" to which Defendants refer was Amended in 2001 to extend the three-day extension to
2 electronic service.

3 Accordingly, the Court finds that Plaintiff's Objections were timely filed and proceeds to
4 consider their merits. In light of this Order, the Court DENIES as moot Plaintiff's Motion for Leave
5 to File *Instanter* Response. (Docket Item No. 147.)

### 2. Merits of Objections

At issue is whether the Court should reconsider certain of Judge Lloyd's rulings regarding the parties' discovery disputes.

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a magistrate judge's order without first giving the opposing party an opportunity to brief the matter. See Civ. L.R. 72-2.

### a. Order re: Expert Reports

On November 19, 2009, Judge Lloyd issued an Order Denying Plaintiff's Motion to Compel Expert Reports. (hereafter, "Order re: Expert Reports," Docket Item No. 116.) In that Order, Judge Lloyd denied Plaintiff's motion to compel the County to provide a written expert report for Lori Horn, R.N., a registered nurse who works at the Elmwood Women's Facility. (Id.) Judge Lloyd found that since Nurse Horn's employment duties do not involve giving expert testimony, and she was offered to testify regarding opinions that she may have developed within the regular scope of her employment, she is not required to provide an expert report under Fed. R. Civ. P. 26. (Id. at 3.)

Plaintiff contends that various courts require employees designated as expert witnesses to provide expert reports, and thus Judge Lloyd erred in not requiring Nurse Horn to do so. (Objections at 4.) However, all of the cases that Plaintiff cites in support of this contention are out-of-jurisdiction district court decisions, and as such are not binding authority. See McCullough v. Hartford Life & Accident Ins. Co., 223 F.R.D. 26, 38 (D. Conn. 2004); Lamoureux v. AnazaoHealth

1 Corp., 2009 U.S. Dist. LEXIS 37089 (D. Conn. 2009); Day v. Consolidated Rail Corp., 1996 U.S.
2 Dist. LEXIS 6596 (S.D.N.Y. 1996).  Furthermore, as Judge Lloyd pointed out in his Order, courts in
3 this district have required employees to provide expert reports only when those employees testify
4 regarding matters outside the scope of their employment.  See, e.g., Funai Elec. Co. v. Daewoo Elec.
5 Corp., 2007 WL 1089702, at *3-5 (N.D. Cal., Apr. 11, 2007).  The Court finds that Judge Lloyd was
6 well within his discretion when he found that the subjects about which Nurse Horn was called to
7 testify were within the scope of her employment.

8     Accordingly, the Court OVERRULES Plaintiff's Objection to the Order re: Expert Reports.

### b.   Order re: Deposition of Nurse Palza

10 On November 19, 2009, Judge Lloyd issued an Order Denying Plaintiff's Motion for
11 Sanctions.  (hereafter, "Order re: Motion for Sanctions," Docket Item No. 117.)  In response to
12 Plaintiff's allegations that County counsel engaged in misconduct by obstructing and improperly
13 terminating the deposition of Nurse Palza, a treating nurse, Judge Lloyd found that "neither side's
14 conduct has been particularly commendable" during the course of discovery, and provided a list of
15 guidelines for the parties for the remainder of the process.  (Id. at 3-4.)

16 Plaintiff contends that Judge Lloyd did not adequately address the issue of County counsel's
17 obstruction and unilateral decision to terminate the deposition proceedings, and that Judge Lloyd's
18 finding that neither side's conduct has been particularly commendable was in error.  (Objections at
19 10 & n.2.)  However, Plaintiff admits that she modified her motion for sanctions against County
20 counsel to request only that the Magistrate Judge issue guidance on deposition conduct going
21 forward.  (Id. at n.2.)  Judge Lloyd did explicitly provide such guidance in his Order.  Since Plaintiff
22 has withdrawn her request for sanctions, it appears to the Court that Judge Lloyd has provided to
23 Plaintiff all of the relief she has requested.  Furthermore, Judge Lloyd's determination that neither
24 party's discovery-related conduct has been exemplary was well within his discretion as the referee
25 of the process.

26 Accordingly, the Court OVERRULES Plaintiff's Objection to the Order re: Sanctions in
27 regard to the deposition of Nurse Palza.

4

### c. Order re: Deposition of Nurse Anderson

In his Order re: Sanctions, Judge Lloyd denied Plaintiff's motion with regard to County counsel's alleged instruction to Nurse Manager Marian Anderson not to answer Plaintiff's counsel's questions during the course of a deposition. (Order re: Sanctions at 3.) In that Order, Judge Lloyd found that "[a]lthough the County's instructions for Anderson not to answer were generally improper, some of plaintiff's questions were so far afield of the subject matter for which Anderson was designated to testify as to deprive the County of fair notice as to the scope of the examination." (Id. (internal citation omitted).)

Plaintiff contends that Judge Lloyd's ruling was contrary to law insofar as it denied relief on the ground that Plaintiff's questions were outside the allowable scope for the deposition. (Objections at 11-13.) Since Fed. R. Civ. P. 30(c)(2) provides only limited circumstances in which a person may instruct a deponent not to answer,[3] the Court finds that it would benefit from a response from Defendants with regard to County counsel's instruction to the deponent not to answer questions because they were outside the scope of the Rule 30(b)(6) designation.

### d. Order re: Motion to Compel Document Production

On November 20, 2009, Judge Lloyd issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Document Production and Interrogatory Answers. (hereafter, "Order re: Motion to Compel," Docket Item No. 44.) In his Order, Judge Lloyd addressed three categories of disputed documents: (1) initial classification documents for Plaintiff's incarceration; (2) documents identifying individuals who were in the same location in the jail as plaintiff; and (3) nursing shift-reports from January 2007 and computer data showing the timing and actors involved in making medical appointments for plaintiff during her incarceration. (Id. at 2.) As to the first category, Judge Lloyd ordered Defendants to substantiate their claim that certain of the documents

---

[3] "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); see also Detoy v. City and County of San Francisco, 196 F.R.D. 362, 367 (N.D. Cal. 2000) ("If Defendants have objections to [] questions outside the scope of the 30(b)(6) designation . . . , counsel shall state the objection on the record and the witness shall answer the question, to the best of the witness's ability.").

5

1    were privileged.  As to the second category, Judge Lloyd ordered Defendants to either produce the
2    requested documents to Plaintiff, or else serve on Plaintiff a declaration from an appropriate person
3    attesting that the information Plaintiff seeks does not exist or is not within Defendants' legal
4    possession, custody, or control.  As to the third category, Judge Lloyd ordered Defendants to
5    "conduct a diligent inquiry and reasonable search to determine if the requested information still
6    exists on an individual computer," and then either produce the information or serve a declaration
7    attesting that the data sought is no longer available.  (Id.)

8         Plaintiff contends that Judge Lloyd committed error because he did not directly address
9    Plaintiff's request that County counsel be compelled to state in a supplemental response to
10   production of documents that "all non-privileged responsive documents have been produced."
11   (Objections at 14.)  Pursuant to Fed. R. Civ. P. 72(a), a magistrate judge must "promptly conduct the
12   required proceedings and, when appropriate, issue a written order stating the decision."  On its face,
13   Rule 72 does not require the magistrate judge to specifically address each of the moving party's
14   requests for relief.  Here, Plaintiff brought to the Magistrate Judge's attention a dispute regarding
15   Defendants' production of, or failure to produce, certain documents, and the Magistrate Judge
16   fashioned a remedy to address that dispute.  It appears to the Court that the declaration that the
17   Magistrate Judge ordered Defendants to provide, in the event that it is not able to produce the
18   requested documents, is sufficient to address Plaintiff's concerns that she has received all available
19   responsive documents.  Furthermore, Plaintiff cites no authority which would mandate the
20   Magistrate Judge to grant the particular remedy she seeks.

21        Accordingly, the Court OVERRULES Plaintiff's Objection to the Order re: Motion to
22   Compel as it relates to Plaintiff's request for an order requiring County counsel to certify that all
23   non-privileged responsive documents have been produced.

24             **e.**      **Order re: Motion to Compel Interrogatory Responses**

25   In his Order re: Motion to Compel, Judge Lloyd denied Plaintiff's motion to compel further
26   interrogatory answers on the ground that "[s]he has failed to persuade this court that the County did
27   not satisfy its reasonably construed discovery obligation."  (Order re: Motion to Compel at 3.)

28             6

Plaintiff contends that Defendants have refused to fully respond to interrogatories aimed at eliciting disclosure of facts that were known by County employees in connection with their involvement with provision of care to Plaintiff. (Objections at 16.) Plaintiff further contends that Judge Lloyd's cursory decision did not provide any legal basis for denying her motion. (Id.)

The Court finds that it would benefit from a response from Defendants with regard to their alleged refusal to provide the supplemental interrogatory responses that Plaintiff seeks.

**C.     Conclusion**

In sum, the Court OVERRULES Plaintiff's Objection to the Order re: Expert Reports, Plaintiff's Objection to the Order re: Sanctions in regard to the deposition of Nurse Palza, Plaintiff's Objection to the Order re: Motion to Compel as it relates to Plaintiff's request for an order requiring County counsel to certify that all non-privileged responsive documents have been produced. Pursuant to Civ. L. R. 72-2, the Court invites Defendants to file an Opposition to Plaintiff's Objection to the Order re: Sanctions in regard to the Deposition of Nurse Anderson and Plaintiff's Objection to the Order re: Motion to Compel with regard to the request for supplementary interrogatory responses. Accordingly, the Court sets the following briefing schedule:

(1)     On or before **January 22, 2010**, Defendants shall file their Opposition.

(2)     On or before **January 29, 2010**, Plaintiff shall file her Reply, if any.

The Court will take the matter under submission upon completion of the briefing.

Dated: January 12, 2010

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aryn Paige Harris aryn.harris@cco.sccgov.org
Gregory Joseph Sebastinelli gregory.sebastinelli@cco.co.scl.ca.us
Jeremy L. Friedman jlfried@comcast.net

**Dated:  January 12, 2010**                              **Richard W. Wieking, Clerk**

                                                          **By:      /s/ JW Chambers          **
                                                                  **Elizabeth Garcia**
                                                                  **Courtroom Deputy**