# Jeremy L. Friedman
Attorney at Law

2801 Sylhowe Road
Oakland, CA 94602
510-530-9060 - Fax 530-9087

February 8, 2010

Aryn Harris, Esq.                                    **VIA ELECTRONIC TRANSMISSION ONLY**
Office of the County Counsel
70 West Hedding, East Wing, 9th Floor
San Jose, CA 9110-1770

   Re:  **Batts v. County of Santa Clara, Northern District of California, Case No. 5:08-cv-286 JW**

Dear Aryn:

      Please consider this letter to be plaintiff's request for a meet confer over the following discovery matters.  As you mentioned in your letter to me last week, time for filing discovery related motions is short, and we are willing to continuing conferring with you after the motion is on file with respect to each and every dispute.  In the even that the parties are able to resolve any disputes, they will be withdrawn from the motion.

**Requests for Production of Documents**

      **State all documents have been produced**

      With respect to Request No. 1, defendants have failed to state that all documents which refer or relate to Ms. Batts' medical condition have been produced in the litigation, and in fact, just days ago after the close of discovery, defendants produced an additional record of Ms. Batts' clinic appointment.  Are there any other documents related to Ms. Batts that have not been produced?

      **Produce Electronic Data on Ms. Batts' Medical Data**

      County counsel have not produced all of electronic data related to Ms. Batts and her medical condition.  As you know, County counsel belatedly produced an audit of the CJIC data revealing a number of facts central to this case.  Defendants turned over this data only after Judge Lloyd in open court inquired about the status of defendants' computer production.  This production subsequently required defendants to supplement their response to Interrogatory No. 5.  Defendants have not, however, produced any other electronic data.

Ms. Aryn Harris, Esq.
February 8, 2010
*Batts v. County of Santa Clara*, Case No. 5:08-cv-286 JW
Page 2

In particular, defendants have produce some records and clinic nurses have provided some testimony about electronic medical files, including RN-View, regarding Ms. Batts' laboratory results. Dr. Crandall's notes and testimony indicates that there was an electronic medical file called "Web MD." As with the CJIC information, defendants should be able to produce whatever electronic data is on that system for Ms. Batts, as well as a record of each instance when a County employee accessed the information.

### Medical Policies Concerning Nursing Care to Pregnant Women

Request No. 3 asks for all medical policies concerning the treatment of pregnant women, and Request No. 4 refers to all of the training and review of County medical personnel with respect to such care. Defendants belatedly produced some of the relevant medical policies after the completion of key depositions, requiring the reopening of Dr. Crandall's deposition and substantial delay in this litigation. But none of the policies produced by the County related to the care given patients with signs and symptoms of abnormal pregnancy. Now, in light of the testimony of Nurse Kumbuckal, it has become clear that County counsel suppressed directly relevant evidence concerning such policies, procedures, communications and training. County counsel should produce all responsive documents and explain to the Court why it withheld production.

### Other Jail Inmates with Ectopic Pregnancies

Request No. 5 seeks records related to any and all women who suffered an ectopic pregnancy while in custody at a County correctional facility in the past 20 years. Plaintiff would be willing to limit this request to the past 10 years. In light of Dr. Crandall's testimony about his purported standard practices in evaluating patients with ectopic pregnancies, and in light of County counsel's hypothetical questions to Dr. Lin asking him to assume the jail had a perfect track record for handling ectopic pregnancies, defendants have no basis to withhold production of the relevant records. If necessary, any disclosure of the identity of prior jail patient inmate identities may be made pursuant to protective order.

### Discharge Planning Documents

Request No. 16 seeks documents which refer or relate to inmates provided with a discharge package for one year prior to January 14, 2007, with identifying information redacted. Defendants have produce no records related to

Ms. Aryn Harris, Esq.
February 8, 2010
*Batts v. County of Santa Clara*, Case No. 5:08-cv-286 JW
Page 3


the discharge planning except – belatedly – the written policy.  Plaintiff is entitled to obtain records from the jail medical clinic which would indicate one way or the other whether it follows those policies and procedures established to review and advise patients needing continuity of care prior to their release.

### Third Party Documents

Request No. 20 asks for all third-party documents related to Ms. Batts.  Pursuant to the Court's order, defendants have produced CDs that contained scanned copies of some relevant documents.  Please identify each and every record obtained from a third-party regarding Ms. Batts that is in County counsel's possession and was not produced to plaintiff pursuant to the Court's order.

### Dr. Crandall Personnel Records

Request No. 21 seeks all employment records related to Dr. Crandall, including but not limited to "personnel records, job descriptions, contracts, employment application records/resumes, performance evaluations, records of disciplinary action, records relating to licensing, records relating to reports of medical errors, records relating to continuing educational or other training, scheduling, and payroll."  Defendants produced some records in response to this request, but the production appears to be incomplete.  In particular, there appears to be no attachment to Dr. Crandall's insurance statement regarding prior medical malpractice judgments or pending cases, there appear to be no quality insurance records regarding peer review of Dr. Crandall's charts, and there appears to be no record of medical error reports.  Moreover, it is difficult for us to know what records exist and should have been produced.  Instead, the burden is on the County to determine what responsive records exist and to disclose any withholding of documents on the basis of any objections.

### Records of contacts between DOC and Medical Staff

Request No. 23 asks for all records relating to phone or radio contact with medical staff regarding inmate health issues in January 2007.  Except for the notation in Ms. Batts' medical files on January 13, defendants have not produced a single document – note, phone message, email, policy – which would show that any nurse received any contact from DOC on any patient in January 2007.  Plaintiff believes that such documents exist and should be produced.

Ms. Aryn Harris, Esq.
February 8, 2010
*Batts v. County of Santa Clara*, Case No. 5:08-cv-286 JW
Page 4

### Phone Records

Request No. 24 seeks documents showing when phone calls were made between DOC and medical clinic in January 2007. Defendants state these calls were internal, and therefore did not show up on a bill. However, plaintiff believes the County or its agents and contractors would be able to access records which would show when and where those internal phone calls were made. County counsel should produce such records in this case.

### Medical Appointment and Transfer Form

It is clear that someone other than Nurse Emma wrote acuity No. "2 1/11/07" into Ms. Batts' Interfacility Medical Information Transfer Form (CNTY 00008). While you previously indicated to me that you thought this documented a medical appointment for Ms. Batts being made on January 5 during the main jail intake process, around 3:00 p.m. Later, the CJIC data base showed that the medical appointment was not made until 10:16 p.m. and was done by medical clerk in WCC (rather than the main jail). At Nurse Dennin's deposition, she testified she thought the medical appointment was made during the transfer.

Please confirm the identity of the individual who wrote the acuity level and appointment date onto plaintiff's Interfacility Medical Information Transfer Form. First, we would like defendant to confirm that it was not written by Nurse Balthazar. Second, we would like defendant to confirm whether or not it was written by Nurses Kathleen Kreiger or Teena Kooplicat, both of whom are seen in the CJIC data reviewing Ms. Batts' information. Third, in the event that defendant claims it cannot confirm who wrote the entry, we will want to have the original record produced along with writing samples from all of the potential authors for review by an expert documents examiner.

### Interrogatories – Impeachment

Interrogatory No. 19 requests that defendant identify each portion of every document that may be used in the impeachment of plaintiff, and state all facts that support your contention of impeachment. Defendant's refusal to provide a response to this interrogatory is not supported by the rules. Although defendant need not disclose documents and witnesses it may call at trial for impeachment purposes under Rule 26(a)(1) initial disclosures, parties are not prevented from seeking disclosure of such information in discovery. Indeed,

Ms. Aryn Harris, Esq.
February 8, 2010
*Batts v. County of Santa Clara*, Case No. 5:08-cv-286 JW
Page 5

under the modern federal rules, the parties should not use the trial process to surprise the opponent with statements that seem to impeach that party. Surely by now County counsel knows what portions of which documents impeach plaintiff's credibility and statements on material facts, and those documents and basis for impeachment should be disclosed.

**Inspection – Preparation of Demonstrative Exhibits**

As you know, we conducted an initial inspection of the premises for the purposes of preparing a demonstrative video recording of the jail's premises for use at trial. Defendant's objections to the inspection demand notwithstanding, plaintiff will want to re-enter the facilities for a limited second time in order to take specific videotape recordings of specified portions of the premises. The timing and conduct of such taping can be scheduled for any time convenient to the County, and should be done in the month prior to any trial date.

Defendant's objection to videotaping may make sense with respect to certain portions of the jail facility, but certainly not to all. After my review, it would appear to me that no security threat could be posed by a videotape recording of the main medical facility (where the charge nurse, medical records and nursing officers are located), the medical offices in W-4 (where the OB/Gyn clinic is located), or the walking distance between the two medical locations and W-2 (along the path that the nurses or Ms. Batts would have taken).

To the extent that the County objects to a videotaping of W2 custody area and the A, B and C dormitories, plaintiff requests the opportunity to take multiple photographs of the following locations: from the custody desk into the A, B and C dormitories; from the custody desk to where the pill call is held; from the custody desk towards the entrance and the W2 nursing station; going into W2C all the way up to the beds located on the left side; going into W2C all the way up to the restroom including into the restroom and of the stalls; common areas in W2C; going from W2C entrance past the custody station and down to the nursing station; inside the nursing station, including all areas and equipment, going from the nursing station out through the exit of the building; and the common accessible areas outside W2 (*e.g.*, where the basketball courts are located).

To the extent that the County continues to object to videotape recordings or to have plaintiff's counsel (or photographer) take the photographs on the

Ms. Aryn Harris, Esq.
February 8, 2010
*Batts v. County of Santa Clara*, Case No. 5:08-cv-286 JW
Page 6

premises, we will be glad to continue to meet and confer over the dispute. In the event that our disputes cannot be resolved between the parties, we will need to enlist the aid of the Court.

**Depositions**

As you know, plaintiff has filed a motion for leave to take depositions in excess of the 10 deposition limit. In order to preserve our right enforce the deposition notice served prior to the close of discovery, we intend to renew our request before the Court. To the extent that defendants will stipulate to the deposition of any of the witnesses listed in the deposition notice, please let us know and the motion will be appropriately modified.

In addition, after review of the production of the withheld policies and training material for nursing case of inmates showing signs and symptoms of abnormal pregnancy, plaintiff may need to reopen depositions that have since been closed. Plaintiff will aks that the Court grant whatever relief is appropriate in connection with the withholding of those records.

**Plaintiff's Third Party Subpoenas**

Plaintiff served subpoenas on the entities identified in Dr. Crandall's discovery responses as having records related to prior malpractice actions against him and his prior employment records. These included the one law firm that represented Dr. Crandall, the one insurance company which insured Dr. Crandall, and the Good Samaritan Medical Group. All three of these entities refused to produce responsive records, and instead served objections.

Plaintiff will need to bring a motion to compel on these subpoenas, unless County counsel (on behalf of Dr. Crandall) are able to resolve this dispute without needing to enlist the Court. Plaintiff will modify the demand for records relating to prior medical malpractice litigations by limiting it to only deposition transcripts, expert reports, and discovery responses not filed with the Court. As you know, we have already modified the subpoena to Good Samaritan striking the request for scheduling and payroll records.

Ms. Aryn Harris, Esq.
February 8, 2010
*Batts v. County of Santa Clara*, Case No. 5:08-cv-286 JW
Page 7

    If you have any questions regarding this matter, please contact me directly. Thank you again for your efforts.

                        Yours truly,

                        /S/Jeremy L. Friedman
                        Jeremy L. Friedman

JLF:wp