IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Laila Batts,<br><br>  Plaintiff,<br>  v.<br><br>County of Santa Clara, et al.,<br><br>  Defendants. | NO. C 08-00286 JW<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE LLOYD'S DISCOVER ORDER** |

Presently before the Court are Plaintiff's Objections to Portions of Magistrate Judge's Discovery Orders. (hereafter, "Objections," Docket Item No. 137.)

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a Magistrate Judge's order without first giving the opposing party an opportunity to brief the matter. See Civ. L.R. 72-2.

**A.   Background**

On January 12, 2010, the Court issued an Order Overruling in Part Plaintiff's Discovery Objections; Setting Briefing on Remaining Discovery Objections. (hereafter, "January 12 Order," Docket Item No. 160.) In that Order, the Court requested further briefing from the parties on (1) Plaintiff's Objection to Judge Lloyd's Order denying sanctions against County Counsel for improperly instructing a witness to not answer a question at deposition, and (2) Plaintiff's Objection

to Judge Lloyd's Order denying in part Plaintiff's motion to compel further interrogatory answers. (Id.) On January 22, 2010, Defendants filed their Opposition to Plaintiff's Objections.[1]

**B.  Discussion**

    **1.  Order Denying Sanctions for Deposition of Nurse Anderson**

In Opposition to Plaintiff's Objection regarding County Counsel's instruction to a deposition witness not to answer a question, Defendants contend that (1) Plaintiff's Counsel refused to meet and confer regarding the proper scope of questioning during a Rule 30(b)(6) deposition, and (2) the law governing the scope of a 30(b)(6) deposition is unsettled. (Opposition at 8-13.)

        **a.  Refusal to Meet and Confer**

Defendants contend that Judge Lloyd's denial of sanctions was not clearly erroneous or contrary to law because Plaintiff refused to meet and confer before moving for sanctions. (Opposition at 8.)

Federal Rule of Civil Procedure 37(a)(1) provides that a motion seeking an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an attempt to obtain it without court action."

In support of their contention that Plaintiff failed to meet and confer, Defendants produce the transcript of the Deposition of Nurse Anderson.[2] That transcript reflects that in response to County Counsel's objection regarding the scope of Plaintiff's counsel's questioning of the witness, Plaintiff's counsel stated, "I will advise you that the law that I looked up yesterday said that a 30(b)(6) deponents [sic] can be asked anything that's relevant to the case and that they're not limited by the scope of the 30(b)(6) deposition notice." (Anderson Depo. at 18:5-20.) County Counsel

---

[1] (Defendants' Opposition to Plaintiff's Objection to the Magistrate's Non-Dispositive Orders re: Sanctions re 30(b)(6) Deponent and Motion to Compel Interrogatory Responses, hereafter, "Opposition," Docket Item No. 175.)

[2] (hereafter, "Anderson Depo.," Declaration of Aryn Paige Harris in Support of Defendants' Opposition to Plaintiff's Objection to the Magistrate's Non-Dispositive Orders re: Sanctions re 30(b)(6) Deponent and Motion to Compel Interrogatory Responses, hereafter, "Harris Decl.," Ex. B, Docket Item No. 176.)

2

1 responded by inquiring about the authority on which Plaintiff's counsel was relying, to which

2 Plaintiff's counsel replied, "You should be aware of it on your own." (Id. at 18:21-24.) Further,

3 Defendants produce the declaration of County Counsel, who stated that had Plaintiff's counsel

4 provided to her the authority she requested, she would have been amenable to an agreement on the

5 record that the deponent was not giving 30(b)(6) responses to the questions and rather was giving

6 information based on her own personal knowledge. (Harris Decl. ¶ 5.) In response, Plaintiff's

7 counsel represents that he did attempt to discuss the instruction with counsel during the deposition,

8 but County Counsel insisted that there be legal briefing.[3]

9 The Court finds that regardless of whether Plaintiff's counsel refused to meet and confer

10 regarding the scope of deposition questioning, County Counsel's instructions not to answer

11 questions were improper. The law is clear that counsel may only instruct a deponent not to answer

12 "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a

13 motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Since County Counsel does not contend that

14 any of these limited circumstances arose during the questioning of Nurse Anderson, Judge Lloyd's

15 finding that "the County's instructions for Anderson not to answer were generally improper" was

16 not clearly erroneous or contrary to law.

17 However, the Court finds that Plaintiff's refusal to provide County Counsel with the

18 authority upon which he relied to expand the scope of questioning helped to create a situation in

19 which County Counsel felt compelled to instruct the witness not to answer in order to protect the

20 interests of her client. The Court finds credible County Counsel's declaration that had Plaintiff's

21 counsel provided her with such authority, a breakdown in the deposition process could have been

22 avoided. The transcript does not support Plaintiff's counsel's assertion that he attempted to meet

23 and confer regarding the scope of questioning or that County Counsel insisted on legal briefing.

---

[3] (Plaintiff's Reply to Opposition re Objections to Portions of Magistrate Judge's Discovery Orders at 3, hereafter, "Plaintiff's Reply," Docket Item No. 181.) On January 29, 2010, Plaintiff filed a Motion for an Extension of Time to File Reply Brief on Objections to Discovery Order, seeking a time extension of three days due to scheduling conflicts. (hereafter, "Motion for Extension," Docket Item No. 179.) Finding good cause, the Court GRANTS Plaintiff's Motion for Extension and accepts the Reply as filed.

3

Since sanctions for deposition conduct are discretionary pursuant to Fed. R. Civ. P. 30(d)(2), and Plaintiff's counsel did not meet and confer before requesting sanctions, the Court finds that Judge Lloyd's decision to deny sanctions against County Counsel was not clearly erroneous or contrary to law.

### b. Scope of Rule 30(b)(6) Deposition

Defendants further contend that the law governing the scope of a Rule 30(b)(6) deposition is unsettled, and thus it was reasonable for County Counsel to strenuously object to questioning outside the designated scope, especially when considering that the testimony of a Rule 30(b)(6) deponent is binding on the entity as an evidentiary admission. (Opposition at 8-13.)

In support of her contention, Plaintiff compares Detoy v. City and County of San Francisco,[4] which held that a Rule 30(b)(6) deponent may be examined beyond the scope of the deposition notice, with Paparelli v. Prudential Insurance Co. of America,[5] which held that the examination during a Rule 30(b)(6) deposition must be confined to matters contained in the notice. It does appear that there is some disagreement among courts regarding the proper scope of a Rule 30(b)(6) deposition, and thus it may have been reasonable for County Counsel to believe that Plaintiff's counsel's questioning had exceeded that proper scope. However, whatever lack of clarity may exist in the law with respect to the proper scope of a Rule 30(b)(6) deposition, no such lack of clarity exists with respect to the limited circumstances in which counsel may instruct a witness not to answer a question. Thus, regardless of County Counsel's arguably understandable confusion regarding the propriety of Plaintiff's counsel's questioning, County Counsel's instruction to the witness not to answer was clearly improper.

However, as previously discussed, sanctions for deposition conduct are discretionary. Thus, the Court finds that Judge Lloyd's determination that sanctions were not warranted under the circumstances was not clearly erroneous or contrary to law.

---

[4] 196 F.R.D. 362, 366 (N.D. Cal. 2000).

[5] 108 F.R.D. 727, 730 (D.C. Mass. 1985).

4

In sum, the Court finds that Judge Lloyd's denial of sanctions for County Counsel's improper instruction to Nurse Anderson was not clearly erroneous or contrary to law. Accordingly, the Court OVERRULES Plaintiff's Objection on that ground.

### 2. Order re: Motion to Compel Interrogatory Responses

Defendants contend that Judge Lloyd's denial of Plaintiff's Motion to compel supplementary responses to Plaintiff's interrogatories numbers seven, fifteen, and sixteen was not clearly erroneous or contrary to law because Defendants satisfied all of their reasonably construed discovery obligations with respect to those interrogatories. (Opposition at 13-17.) The Court considers each of these interrogatories and Defendants' responses in turn.

#### a. Interrogatory Number Seven

Defendants contend that interrogatory number seven is unreasonably burdensome and exceeds the number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1).

Interrogatory number seven states:

> If you contend that any material fact(s) set forth by plaintiff at her deposition is/are incorrect–with regard to her medical condition at the Elmwood Women's Facility January 5 to 14, 2007, her requests in connection with her medical condition and any action taken or not taken by County employees, officers, contractors, or agents during her incarceration–please identify the facts you contend is/are incorrect, and state all facts which support your contention.

(Harris Decl., Ex. C at 9.)

Defendants objected to interrogatory number seven on the grounds that: (1) fully answering the interrogatory would require Defendants to "comb through" Plaintiff's 305-page deposition transcript to identify incorrect material facts relating to Plaintiff's medical condition, and (2) requiring Defendants to respond to an untold number of contentions contained within the deposition transcript amounts to a subversion of the twenty-five interrogatory limit provided under Fed. R. Civ. P. 33(a)(1). (Opposition at 14-15.)

Although Judge Lloyd's Order does not address Defendants' objection to the interrogatory directly, upon review, the Court finds that his determination that Defendants were not obligated to

5

provide a further response to interrogatory number seven was not clearly erroneous or contrary to law and OVERRULES Plaintiff's Objection on that ground.

### b. Interrogatory Number Fifteen

Defendants contend that they answered interrogatory number fifteen completely, and that Plaintiff has obtained additional requested information through other forms of discovery. (Opposition at 15-16.)

Interrogatory number 15 states: "Please identify each and every nurse and/or doctor associated with the Elmwood Women's Facility who observed plaintiff or spoke to her regarding her medical condition during her incarceration January 5 to 14, 2007." (Harris Decl., Ex. C at 16.)  In response, Defendants contend that they identified the fifteen doctors and nurses who treated Plaintiff during her incarceration. (Opposition at 15.)  However, Plaintiff contends that she has now identified approximately forty County employees, consisting of correctional officers, nurses, medical clerks, and doctors, who interacted with plaintiff with regard to her medical condition during her incarceration. (Objections at 16.)

On its face, the interrogatory only requires Defendants to produce a list of doctors and nurses who observed or interacted with Plaintiff.  Plaintiff, however, has come up with a much longer list which she admits also includes correctional officers and medical clerks.  The Court finds that Defendants did not fail to meet their discovery obligations when they left out of their interrogatory response personnel who were not doctors or nurses.  Plaintiff provides no basis upon which to find that the list that Defendants provided was incomplete.  Moreover, Plaintiff admits that Defendants produced computer data that provided Plaintiff with a complete list of all County medical employees who had contact with Plaintiff regarding her medical condition, making a supplemental interrogatory response duplicative. (See Objections at 16.)

Accordingly, the Court finds that Judge Lloyd's denial of Plaintiff's motion to compel a supplementary response to interrogatory number fifteen was not clearly erroneous or contrary to law and OVERRULES Plaintiff's Objection on that ground.

### c. Interrogatory Number Sixteen

Defendants contend that interrogatory number sixteen is unduly burdensome because, as a practical matter, it would require Defendants to depose every individual named in interrogatory number fifteen and report the results to Plaintiff. (Opposition at 16.)

Interrogatory number sixteen states:

> For each individual identified in response to interrogatory number 15, please state all facts to which that person has knowledge in connection with Laila Batts and/or the claims raised in this litigation, including the details of what that person heard, saw, said or did in connection with plaintiff's medical condition.

(Harris Decl., Ex. C at 17.)

In determine the proper scope of interrogatory number 16, the Court finds persuasive the district court's decision in IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998). In IBP, Inc., the court found interrogatories overly broad and unduly burdensome to the extent they asked for "every fact and every application of law to fact which supports the identified allegations." (Id.) The court further explained:

> To require specifically "each and every" fact and application of law to fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details. The burden to answer then outweighs the benefit to be gained. Other discovery procedures, such as depositions and production of documents, better address whatever need there be for that kind of secondary detail.

Id.

Similarly here, in order for Defendants to exhaustively "state all facts" to which at least fifteen individuals have "knowledge in connection with Laila Batts and/or the claims raised in this litigation," Defendants would have to undertake a costly and time-consuming investigative process. Such a broad and unfocused inquiry would likely produce as much extraneous and secondary information as useful and relevant information. Furthermore, Plaintiff may herself depose any of the individuals identified in interrogatory number fifteen, as long as she stays within the ten deposition limit imposed by Fed. R. Civ. P. 30(a)(2)(A)(I), if she wishes to discern their specific knowledge regarding her medical treatment.

7

Accordingly, the Court finds that Judge Lloyd's denial of Plaintiff's motion to compel a further response to interrogatory number sixteen was not clearly erroneous or contrary to law and OVERRULES Plaintiff's Objection on that ground.

**C.     Conclusion**

The Court OVERRULES Plaintiff's Objections to Judge Lloyd's Discovery Order as to his denial of Plaintiff's motion for sanctions in relation to the deposition of Nurse Anderson and his denial of Plaintiff's motion to compel further interrogatory responses.

Dated: February 11, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aryn Paige Harris aryn.harris@cco.sccgov.org
Gregory Joseph Sebastinelli gregory.sebastinelli@cco.sccgov.org
Jeremy L. Friedman jlfried@comcast.net

**Dated: February 11, 2010**                    **Richard W. Wieking, Clerk**

                                                **By:    /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California