***E-FILED 03-18-2010*ND*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20,<br><br>    Defendants. | No. C08-00286 JW (HRL)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AN OVERSIZED BRIEF; AND**<br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**<br><br>[Re: Docket Nos. 182, 187] |

Plaintiff Laila Batts claims that during her 10-day incarceration at the Elmwood Women's Facility ("Elmwood") from January 5-14, 2007, defendants failed to diagnose and provide appropriate medical care for her ectopic pregnancy. She seeks damages for alleged violation of her civil rights (42 U.S.C. § 1983), failure to summon medical care (Cal. Gov. Code § 845.6), and professional negligence. Defendants now move this court for an order compelling Batts to provide further responses to interrogatories propounded by Dr. Crandall and Nurse Arquero. Plaintiff opposes the motion. The matter is deemed appropriate for determination without oral argument. See CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court issues the following order:

Although defendants could have presented their arguments much more efficiently than they did, their motion to file an oversized brief is granted.

Plaintiff's interrogatory responses were served about two weeks late, and the failure to timely respond to a discovery request constitutes a waiver of any objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992). Nevertheless, courts have broad discretion to grant relief, on a case-by-case basis, from any such waiver upon a showing of good cause. See Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D. D.C. 1999). In exercising its discretion, the court evaluates relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver. Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005). Batts had no reasonable basis to believe that she had a two-week extension of time in which to serve her responses. At the same time, however, this court finds that a waiver of all objections would be a draconian result that is not warranted under the circumstances presented here. Accordingly, plaintiff's objections will not be deemed waived.

Interrogatories 1-3, 6-10, 14, 16 and 20-21 essentially seek the bases for plaintiff's contentions that defendants failed to provide proper medical care. Although Batts has stated some facts, her reference to other documents (i.e., her "expert reports and declarations, the pending motion for partial summary judgment, all of the witnesses identified and all of the documents produced in this litigation") is improper. Each interrogatory answer must be complete in and of itself. See Scaife v. Boenne, 191 F.R.D. 590, 594 (N.D. Ind. 2000). To the extent Batts knows of particular witnesses, documents or testimony that she contends support her claims, then she ought to identify them. Accordingly, defendants' motion to compel further answers to these interrogatories is granted.

Defendants' motion re Interrogatories 11-13 is granted. These interrogatories ask Batts to identify which County policies, customs or practices resulted in the alleged violation of her constitutional rights. Batts now says that it is the absence of a proper policy or training in January 2007 that resulted in harm and that she cannot identify policies that do not exist. A "policy" can be one of action or inaction. Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002). However, plaintiff's interrogatory responses indicate that her claim is based, at least in part, on

the County's existing "written policies" and "training policies."  (See Harris Decl., Exs. G and H).  Batts should amend her response to either clarify the basis for her contentions or to identify the policies that are mentioned.  Additionally, for the reasons stated above, Batts' reference to her experts' reports, her summary judgment motion, all witnesses identified and all documents produced in this litigation is improper.  To the extent Batts knows of particular witnesses, documents or testimony that she contends support her claims, then she ought to identify them.

As for Interrogatories 15 and 18-19, defendants' motion is granted.  These interrogatories ask Batts to identify (a) fellow inmates with information pertinent to her claims, (b) County employees who knew or had reason to know that she needed immediate medical care, and (c) County employees who failed to take reasonable action to summon medical care while plaintiff was in custody.  Batts' responses are deficient.  Discovery is closed.  The parties' dispositive motions are under submission.  At this point, Batts ought to be able to identify particular witnesses and County employees (if any) in response to these interrogatories.

Batts' further interrogatory answers shall be served by **March 31, 2010**.

SO ORDERED.

Dated:   March 17, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**United States District Court**
For the Northern District of California

1. 5:08-cv-00286-JW Notice has been electronically mailed to:
2. Aryn Paige Harris aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org
3. Gregory Joseph Sebastinelli gregory.sebastinelli@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org
4. Jeremy L. Friedman jlfried@comcast.net

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.