**United States District Court**
For the Northern District of California

1

2          **\*E-FILED 09-14-2010\***

3

4

5

6

7                          NOT FOR CITATION

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   LAILA BATTS,                        No. C08-00286 JW (HRL)

12          Plaintiff,                   **ORDER GRANTING IN PART AND
                                         DENYING IN PART PLAINTIFF'S**
13     v.                                **MOTION TO COMPEL FURTHER
                                         DISCOVERY RESPONSES**
14   COUNTY OF SANTA CLARA, PETER
     CRANDALL, CHRISTINA ARQUERO, and    **[Re:  Docket No. 184]**
15   DOES 3-20,

16          Defendants.
                                   /
17

18          Plaintiff Laila Batts claims that during her 10-day incarceration at the Elmwood

19   Women's Facility ("Elmwood") from January 5-14, 2007, defendants failed to diagnose and

20   provide appropriate medical care for her ectopic pregnancy.  She seeks damages for alleged

21   violation of her civil rights (42 U.S.C. § 1983) and professional negligence.[1]  Before this court

22   is plaintiff's motion to compel further discovery responses.  Defendants oppose the motion.

23   After the motion hearing, and pursuant to this court's direction, defendants submitted certain

24   documents for this court's *in camera* review.  Both sides were also permitted to, and did, file

25

26

27

28          ---

     [1]       This court is informed that defendants' summary judgment motion has been
     granted as to plaintiff's claim under Cal. Gov. Code § 845.6 for alleged failure to summon
     medical care, as well as to the County of Santa Clara's liability under plaintiff's claim for
     professional negligence.

**United States District Court**
For the Northern District of California

1  supplemental letter briefs.[2]  Upon consideration of the moving and responding papers, as well as

2  the arguments of counsel, this court grants the motion in part and denies in it part as follows:

3       1.     Plaintiff's motion to compel production of documents responsive to Request for

4  Production No. 24 is denied as moot.  Plaintiff says that the declaration from James Perez, a

5  County Telecommunications Officer, satisfies her discovery request.

6       2.     <u>Plaintiff's Medical Records</u>

7       Plaintiff's seeks certification from defendants that all documents pertaining to her

8  medical condition have been produced.  Of particular interest to her is audit data showing who

9  accessed the "RN-View" and "Web-MD" databases with respect to plaintiff and when.

10  Plaintiff's motion is denied.  This court finds no basis to doubt defendant's representation as to

11  the unavailability of audit data from 2007.  (<u>See</u> Harris Decl. ¶ 10).  Plaintiff has otherwise not

12  managed to persuade that defendants have failed to comply with their reasonably construed

13  discovery obligations.

14       3.     <u>County Policies</u>

15       Batts moves to compel the production of a December 2009 County Adult Custody

16  Services policy, which reportedly pertains to abnormal pregnancies.  The parties dispute the

17  relevance of the policy.  They also disagree whether the policy is inadmissible as a "remedial

18  measure."  Matters need not be admissible in order to be discoverable.  This court finds that the

19  policy falls within the broad standard of relevance under Fed. R. Civ. P. 26(b)(1).  Admissibility

20  of the policy is a question to be resolved by the presiding judge at a later time.  Plaintiff's

21  motion as to the December 2009 policy is granted.  Defendants shall produce the policy within

22  14 days from the date of this order.

26       [2]     The County was permitted to initially lodge its supplemental letter briefs.
27  Having reviewed those letters, however, this court believes that they properly should be
made part of the court's record.  Additionally, it does not appear to this court that the letters
contain information which needs to be sealed.  Accordingly, unless the County submits
28  declaration(s) establishing why its letter briefs (or any portion of them) should be sealed, the
court will place them in the court's public files within 14 days from the date of this order.

**United States District Court**
For the Northern District of California

4.    Records re Other Pregnant Inmates

Plaintiff's Request for Production No. 6 seeks records for the past 20 years relating to any inmate who had an ectopic pregnancy while in custody at Elmwood.  Here, there is no apparent dispute as to relevance, but the parties take extreme positions as to the burden that would be imposed.  Plaintiff insists that the requested records should be easy to find. Defendants maintain that locating responsive records would present an onerous task because the jail does not maintain statistical data of ectopic pregnancy diagnoses, and locating the requested records will therefore require a manual examination of individual medical records.  Upon the record presented, and notwithstanding plaintiff's offer to limit the temporal scope of her request, this court finds that the burden associated with producing responsive documents outweighs the likely benefits of the requested discovery.  FED. R. CIV. P. 26(b)(2)(C). Accordingly, Batts' motion as to these records is denied.

5.    Discharge Planning Documents

Plaintiff's Request for Production No. 17 seeks all records pertaining to any inmate who received discharge planning documents for a one-year period before January 14, 2007.  Again, the parties take extreme positions as to the burden associated with locating the requested records.  On the record presented, this court finds that the burden associated with producing responsive documents outweighs the likely benefits of the requested discovery.  FED. R. CIV. P. 26(b)(2)(C).  Plaintiff's motion as to these documents is denied.

6.    Dr. Crandall's Employment Records

Plaintiff's Request for Production No. 21 seeks Dr. Crandall's employment records. The County says that it has produced all records in its possession, custody, or control except for certain records prepared by Dr. Crandall's insurance carrier, NORCAL Mutual Insurance Company ("NMIC").  In sum, the records reportedly pertain to other malpractice actions against Dr. Crandall before his employment with the County.  The County argues that the records are not relevant and that, even if they were relevant, they are protected from discovery under the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. § 11137.

3

**United States District Court**
For the Northern District of California

1    This court is unconvinced that the NMIC records, in and of themselves, are relevant to

2 any claim or defense in this matter, including plaintiff's professional negligence claim as to the

3 individual defendants.  The County contends that the records also have no bearing whatsoever

4 on plaintiff's § 1983 claim because they concern different patients with different medical

5 conditions.  It may well be that the records in question will be inadmissible or insufficient to

6 support the County's liability for the alleged constitutional violations.  See Bd. of County

7 Commr's v. Brown, 520 U.S. 397, 414-15 (1997) (stating that, for purposes of establishing §

8 1983 liability, it is insufficient to show that a defendant hired an individual with knowledge of

9 that individual's background).  Nevertheless, given the presence of certain of the NMIC records

10 in Dr. Crandall's personnel file, this court finds that, for discovery purposes, those particular

11 records are relevant or reasonably calculated to lead to the discovery of admissible evidence

12 under Fed. R. Civ. P. 26's broad standard of relevance.

13    The County nonetheless argues that the records are privileged and confidential under

14 HCQIA, 42 U.S.C. § 11137.  Briefly stated, HCQIA requires certain information about

15 malpractice payments and professional review matters as to medical professionals to be

16 reported to the federal government.  42 U.S.C. §§ 11131-34.  Insurers are required to report

17 medical malpractice payments and settlements as to each insured physician.  45 C.F.R. § 60.7.

18 The information is collected in the National Practitioner Data Bank (Data Bank).  45 C.F.R. §

19 60.1.  Hospitals are obliged to request information from the Data Bank (a) whenever a physician

20 or licensed health care practitioner applies to be on the medical staff or for clinical privileges

21 and (b) periodically as to any physician or practitioner who is on the medical staff or has been

22 granted clinical privileges.  42 U.S.C. § 11135(a).

23    The County says that the particular NMIC records in Dr. Crandall's personnel file were

24 prepared by NMIC and submitted to the Data Bank pursuant to HCQIA.  The County further

25 states that it obtained the records in question prior to hiring Dr. Crandall and through follow-up

26 requests under HCQIA.  HCQIA establishes confidentiality for information reported under the

27 statute.  Id. § 11137(b).  Neither party has cited, and this court has not found, binding precedent

28 as to the confidentiality provisions under HCQIA section 11137.  Nevertheless, it appears that

4

most courts have held that HCQIA does not create a federal statutory privilege against discovery.  And, discovery of materials otherwise subject to HCQIA protections has been permitted where significant federal interests were at stake, including in matters where medical malpractice was an issue.  See, e.g., Atteberry v. Longmont United Hospital, 221 F.R.D. 644 (D. Col. 2004) (permitting discovery in a medical malpractice action under the Emergency Medical Treatment and Active Labor Act); Syposs v. United States, 63 F. Supp.2d 301 (W.D.N.Y. 1999) (permitting discovery in a medical malpractice action under the Federal Tort Claims Act).

Accordingly, Batts' motion as to Dr. Crandall's personnel file is granted.  The County shall produce the particular NMIC records contained in Dr. Crandall's personnel file within 14 days from the date of this order.  However, the County shall redact from those records any personal identification information as to non-party patients.

7.     Medical Staff Contacts

Plaintiff's motion to compel production of the medical staff's contacts with the jail's correctional officers is denied.  Plaintiff has records showing when correctional officers called the jail's medical clinic on behalf of an inmate.  She now wants records from the medical clinic evidencing incoming calls from correctional officers re inmate health issues.  Defendants cite Nurse Manager Bailey's testimony in which she states that, to her knowledge, no record of such contacts exist.  (Harris Decl., Ex. D).  Although plaintiff remains skeptical because she claims that Nurse Bailey did not answer the phone at the clinic, it is not apparent to this court that there are any documents to be compelled or that defendants have failed to comply with their reasonably construed discovery obligations.  Plaintiff's motion as to these records is denied.

8.     Identification of Impeachment Records and Subpoenaed Records

Plaintiff's Interrogatory No. 19 essentially asks defendants to (a) identify any documents (or portions of documents) that defendants intend to use to impeach plaintiff and (b) explain how defendants plan to use the identified documents for impeachment.  Relatedly, she also moves for an order compelling defendants to identify all non-party records they have obtained concerning her.  There apparently are two categories of documents at issue here:  (1) documents

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   that defendants have produced in discovery and (2) documents that defendants have in their

2   possession, but which have not been produced.

3          Defendants say that they have produced all documents that they intend to use at trial as

4   to substantive matters in dispute.  And, it appears that plaintiff has had ample opportunity to

5   join in defendants' non-party subpoenas or to subpoena the records for herself.  Defendants

6   contend that whether and how they might use these documents at trial is work product.  As to

7   the documents that have been produced, this court concludes that defendants need not identify

8   which of those documents (or portions of them) might be used to impeach Batts at trial because

9   revealing such information would unnecessarily infringe upon defense counsel's work product.

10  There is nothing in the record presented that establishes any waiver.  Nor has Batts

11  demonstrated a substantial need for the materials that outweighs defense counsel's interest in

12  preserving their work product.

13         As for the documents that have <u>not</u> been produced, they comprise non-party documents

14  that defendants say they obtained through publicly available sources.  Defendants argue that

15  they are not obliged to disclose those matters in pretrial discovery because (a) the materials are

16  protected by the work product doctrine; (b) the documents will be used (if at all) solely for

17  impeachment and therefore are exempt from pretrial disclosures under Fed. R. Civ. P. 26(a)(1)

18  and (a)(3); and (c) disclosure at this time is premature because defendants have not yet decided

19  whether those documents will be used for impeachment, if at all.

20         The parties have not cited, and this court has not found, binding precedent.  The cases

21  that have been cited, however, indicate that while Fed. R. Civ. P. 26(a) exempts impeachment

22  materials from a party's automatic mandatory disclosures (i.e., disclosures that must be made

23  without a discovery request), that does not necessarily mean that impeachment materials are

24  immune from discovery under Fed. R. Civ. P. 26(b).  <u>See</u> <u>Varga v. Rockwell Int'l Corp.</u>, 242

25  F.3d 693, 697 (6th Cir. 2001).  Defendants' reliance on <u>Gribben v. United Parcel Service, Inc.</u>,

26  528 F.2d 1166 (9th Cir. 2008) is inapposite.  Unlike the instant case, <u>Gribben</u> apparently did not

27  concern a situation where a party propounded a request seeking pretrial discovery of

28  impeachment materials.  <u>Id.</u> at 1171-72.

**United States District Court**
For the Northern District of California

1    Courts apparently are split as to the discoverability of such matters, but the line of cases

2    cited by plaintiff indicate that some courts hold that impeachment materials must be disclosed

3    prior to trial if they are not "solely for impeachment"—i.e., if, separate and apart from any

4    impeachment value, the materials also have some bearing on the substantive matters in dispute

5    and tend to establish the truth of a matter to be determined by the trier of fact.  See, e.g., Varga

6    v. Rockwell Int'l Corp., 242 F.3d at 697; Klonoski v. Mahlab, 156 F.3d 255, 270 (1st Cir. 1998)

7    (superseded in unrelated part by rule amendment as stated in In re Subpoena to Witzel, 531 F.3d

8    113 (1st Cir. 2008)); Newsome v. Penske Truck Leasing Corp., 437 F. Supp.2d 431, 434 (D.

9    Md. 2006); McDaid v. Stanley Fastening Sys., LP, No. 07-709, 2008 WL 2928387 (July 28,

10   2008); Karr v. Four Seasons Maritime, Ltd., No. Civ.A.02-3413, 2004 WL 797728 (E.D. La.,

11   Apr. 12, 2004).  Of course, none of plaintiff's cited cases are binding upon this court; and, it is a

12   speculative exercise to fathom what use, if any, will be made of the documents in question.

13   But, in any event, the contents of the papers submitted by defendants for an *in camera* review

14   do not seem to this court to pertain to substantive matters in dispute.  Accordingly, plaintiff's

15   motion to compel defendants to answer her interrogatory is denied.

16        9.    Videos and Photographs of Jail Facilities

17        Plaintiff moves for an order permitting her to obtain videos and photographs of certain

18   areas of the jail's facilities.  She failed to conduct any meaningful meet-and-confer on this

19   subject before filing the instant motion—a practice which her counsel is admonished not to

20   repeat.  See CIV. L.R. 37-1(a).  With that said, Batts has failed to show that her stated need for

21   the requested videos and photographs on the terms she proposes outweighs Elmwood's security

22   interests.  Her request for videos of the jail facilities is denied.  Her request for photographs of

23   the jail's facilities is granted, but only as to the areas and on the conditions agreed to by

24   defendants.  (See Declaration of Captain Toby Wong ¶ 6).  Plaintiff's request for photographs is

25   otherwise denied.  Plaintiff's attorney may be present during the taking of the photographs, but

26   the court emphasizes that the photographing shall take place only at times and on terms

27   convenient for the jail.

28

United States District Court

For the Northern District of California

10.     Request for Additional Depositions

Plaintiff reportedly has exhausted the presumptive 10-deposition limit under Fed. R. Civ. P. 30 and requests leave to take more.  Relatedly, she moves to compel the depositions of several nurses as to her Inter-Facility Medical Information form.  She claims that defendants previously agreed that she could take up to 10 additional depositions, but then later reneged.  A party seeking leave to take more depositions must make a "particularized showing" why the discovery is necessary.  See Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999); see also Authentic, Inc. v. Atrua Technologies, Inc., No. C08-1423PJH, 2008 WL 5120767 * 1 (N.D. Cal., Dec. 4, 2008) ("A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery.").  Here, it appears that plaintiff is merely seeking to wrap up loose ends.  Nevertheless, this court will grant her request to take more depositions as follows:  Plaintiff will be permitted to take up to 6 additional depositions.  Each deposition, however, will be limited to 2 hours (not including colloquy by counsel or breaks).  As for Batts' request to depose several nurses about her Inter-Facility Medical Information form, plaintiff has failed to convince that the form was somehow surreptitiously altered or that there has been some subterfuge.  Nevertheless, to the extent Batts chooses to proceed with their depositions as to that appointment form, defendants shall have the original form ready for inspection at the deposition(s).

SO ORDERED.

Dated:     September 14, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:08-cv-00286-JW Notice has been electronically mailed to:

2  Aryn Paige Harris      aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

3  Barry Clement Marsh      bmarsh@hinshaw-law.com, csimmers@hinshaw-law.com

4  Blaise S. Curet      bcuret@spcclaw.com

5  Gregory Joseph Sebastinelli      gregory.sebastinelli@cco.sccgov.org,
   marylou.gonzales@cco.sccgov.org

6
   Jeremy L. Friedman      jlfried@comcast.net
7
   Stephen Ryan Wong      swong@spcclaw.com
8

9  Counsel are responsible for distributing copies of this document to co-counsel who have not
   registered for e-filing under the court's CM/ECF program.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28