**\*E-FILED 09-14-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS, | No. C08-00286 JW (HRL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR MODIFICATION AND ENFORCEMENT OF NONPARTY SUBPOENAS** |
| v. | |
| COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20, | **[Re: Docket No. 185]** |
| Defendants. | |

Plaintiff Laila Batts claims that during her 10-day incarceration at the Elmwood Women's Facility ("Elmwood") from January 5-14, 2007, defendants failed to diagnose and provide appropriate medical care for her ectopic pregnancy. She seeks damages for alleged violation of her civil rights (42 U.S.C. § 1983) and professional negligence.

Batts served subpoenas seeking defendant Dr. Crandall's prior employment records. She also seeks records from several malpractice lawsuits reportedly filed against him several years ago, the most recent of which apparently was filed in 2002. She now moves to enforce the subpoenas. The subpoenaed nonparties — the Hinshaw, Draa, et al. law firm, Good Samaritan Medical Group (aka San Jose Medical Group), and NORCAL Mutual Insurance Company — oppose the motion. Defendants join in the nonparties' opposition. The matter was deemed appropriate for determination without oral argument. See CIV. L.R. 7-1(b).

1  Upon consideration of the moving and responding papers, this court denies the motion.
2  Defendants and nonparties correctly note that the instant motion was not timely filed. See Civ.
3  L.R. 26-2. Although this court excused plaintiff's tardiness (Docket No. 232), it appears that
4  plaintiff has made other procedural missteps in connection with the instant motion. Most
5  notable of these is her failure to meet-and-confer with the very entities whose documents are
6  being sought. Batts' attempt to meet-and-confer with County counsel about these nonparty
7  records is no substitute. And, this court rejects plaintiff's contention that she is not obliged to
8  confer with nonparties prior to filing a motion seeking to compel the production of their
9  records. In any event, Batts has failed to convince that the records sought are relevant or
10 reasonably calculated to lead to the discovery of admissible evidence.[1]

11 SO ORDERED.

12 Dated: September 14, 2010

13
14 HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

---

[1] Although Batts contends that, by virtue of filing malpractice actions, the nonparty patients have waived their privacy rights, this court finds it unnecessary to rule on that issue. Nevertheless, the court notes that Batts has taken a somewhat different view with respect to defendants' efforts to compel documents pertaining to her that she claims is confidential. (See Docket No. 111).

2

1   5:08-cv-00286-JW Notice has been electronically mailed to:

2   Aryn Paige Harris     aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

3   Barry Clement Marsh     bmarsh@hinshaw-law.com, csimmers@hinshaw-law.com

4   Blaise S. Curet     bcuret@spcclaw.com

5   Gregory Joseph Sebastinelli     gregory.sebastinelli@cco.sccgov.org, marylou.gonzales@cco.sccgov.org

6   Jeremy L. Friedman     jlfried@comcast.net

7   Stephen Ryan Wong     swong@spcclaw.com

9   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California

3