*E-FILED 09-17-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20,<br><br>   Defendants. | No. C08-00286 JW (HRL)<br><br>**ORDER (1) DEFERRING A RULING ON PLAINTIFF'S MOTION FOR ENFORCEMENT OF DISCOVERY ORDER AND (2) DENYING PLAINTIFF'S MOTION RE RENEWAL OF DISCOVERY REQUESTS**<br><br>[Re: Docket No. 101] |

Plaintiff Laila Batts claims that during her 10-day incarceration at the Elmwood Women's Facility ("Elmwood") from January 5-14, 2007, defendants failed to diagnose and provide appropriate medical care for her ectopic pregnancy. She seeks damages for alleged violation of her civil rights (42 U.S.C. § 1983) and professional negligence.

Batts moves for an order enforcing this court's August 27, 2009 discovery order (Docket No. 88). She also seeks rulings on her prior discovery motions. Defendants oppose the motion. Upon consideration of the moving and responding papers,[1] as well as the arguments of counsel, this court issues the following order:

---

[1] After briefing on the instant motion closed, Batts submitted an unauthorized supplemental reply brief in contravention of Civil Local Rules 7-3 and 7-7. This court has accepted and considered her supplemental reply brief. Nevertheless, the court does not condone plaintiff's failure to abide by the court's rules and warns against future noncompliance.

1. Plaintiff's Workers' Compensation Records

Plaintiff seeks an order enforcing a prior discovery order with respect to certain records subpoenaed by defendants. This portion of plaintiff's motion raises issues which dovetail with those in defendants' separate motion to compel nonparty Sigal Medical Group to produce documents (Docket No. 130). Accordingly, this court will deal with this particular issue in a separate order together with the issues raised in defendants' discovery motion.

2. Plaintiff's Employment Records

Plaintiff renews her request for limits on her employment records subpoenaed by defendants. She argues that—other than her earning histories, positions held, and dates of employment—information in her employment records is private and irrelevant. Defendants argue that plaintiff's employment records are directly relevant to her claimed damages. While plaintiff may have a privacy interest in her personnel records, that interest "may, nevertheless, be invaded for litigation purposes." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995). Here, Batts claims lost wages and contends that she needs vocational rehabilitation as a result of defendants' alleged conduct (Harris Decl. Ex. C). This court agrees that plaintiff's employment records are relevant or reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26(b)(1) and that plaintiff's privacy rights do not outweigh defendants' interests in discovery of her complete employment records. *See McNulty v. Huf*, No. CIV. A. 98-5942, 2000 WL 230352 (E.D. Pa., Feb. 22, 2000) (permitting discovery of plaintiff's complete prior employment records where plaintiff claimed that continuing physical and psychological injuries resulted in lost earnings and adversely affected her earning capacity). Plaintiff's motion is denied.

3. Third-Party Records

Plaintiff previously moved for an order compelling the County to give her a free copy of all subpoenaed records it had obtained or would obtain prior to trial. This court denied that request, but nonetheless directed the County to provide plaintiff (at plaintiff's expense) copies of all subpoenaed records it had obtained up to that point in time. (*See* Docket No. 88). As for records that the County would subpoena in the future, plaintiff was directed to either request her

own set of copies from the non-parties or subpoena the records herself. (*Id.*). Plaintiff now renews her request and seeks an order compelling defendants to tell her which documents they have subpoenaed and which subpoenaed records they actually have obtained. Plaintiff has presented no compelling reason to revisit this court's prior ruling. Her motion is denied.

4. <u>Defendants' Document Production</u>

Plaintiff requests a ruling on her prior motion to compel the production of documents (Docket No. 44). Her motion is denied as moot. (*See* Docket Nos. 88 and 119).

5. <u>Defendants' Interrogatory Responses</u>

Plaintiff seeks an order ruling on her prior motion to compel the County to provide supplemental interrogatory answers (Docket No. 44). Her motion is denied as moot. (*See* Docket No. 119).

6. <u>Deposition Conduct</u>

Plaintiff requests a ruling on her prior motion for sanctions with respect to defendants' alleged deposition misconduct (Docket No. 43). Her motion is denied as moot. (Docket No. 117).

7. <u>Employee-Expert Report</u>

Plaintiff requests a ruling on her prior motion to compel a written expert report from defendants' designated employee-expert Nurse Horn (Docket No. 45). Her motion is denied as moot. (Docket No. 116).

8. <u>Deposition Limits</u>

Plaintiff's motion for an order eliminating the presumptive 10-deposition limit under Fed. R. Civ. P. 30(a)(2)(A)(i) is denied. To the extent plaintiff seeks leave to conduct more than 10 depositions, that issue has been addressed and resolved in a separate order (Docket No. 274).

SO ORDERED.

Dated: September 17, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:08-cv-00286-JW Notice has been electronically mailed to:

Aryn Paige Harris     aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

Barry Clement Marsh    bmarsh@hinshaw-law.com, csimmers@hinshaw-law.com

Blaise S. Curet     bcuret@spcclaw.com

Gregory Joseph Sebastinelli     gregory.sebastinelli@cco.sccgov.org, marylou.gonzales@cco.sccgov.org

Jeremy L. Friedman     jlfried@comcast.net

Stephen Ryan Wong     swong@spcclaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.