*E-FILED 09-17-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS, | No. C08-00286 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL INITIAL CLASSIFICATION DOCUMENT** |
| v. | |
| COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20, | [Re: Docket No. 44] |
| Defendants. | |

Plaintiff Laila Batts moves to compel the production of her initial classification report at the Elmwood Women's Facility. (Docket No. 44). The document in question records how the jail makes inmate security and housing assignments. The County of Santa Clara (County) resists the discovery, claiming that the classification documents are irrelevant and are, in any event, protected by the official information privilege. Because the matter had not been adequately briefed on plaintiff's prior motion, this court directed the County to submit a copy of Batts' initial classification documents for an *in camera* review. Both sides were also permitted to submit briefs on the issue. (Docket No. 119). Having considered the moving and responding papers, as well as the documents submitted for *in camera* review, this court grants plaintiff's request for the classification records in part and denies it in part.

"Federal common law recognizes a qualified privilege for official information." *Soto v.*

1 *City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citing *Kerr v. U.S. Dist. Ct.*, 511 F.2d
2 192, 198 (9th Cir. 1975)); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987).  In
3 assessing the level of protection afforded by the privilege, "courts conduct a case by case
4 balancing analysis, in which the interests of the party seeking discovery are weighed against the
5 interests of the governmental entity asserting the privilege." *Soto*, 162 F.R.D. at 613.  A party
6 seeking non-disclosure must submit an affidavit from an agency official which includes the
7 following: (1) an affirmation that the agency generated or collected the material in issue and has
8 maintained its confidentiality; (2) statement that the official has personally reviewed the
9 material; (3) specific identification of the governmental or privacy interests threatened by
10 disclosure of the material to plaintiff and/or her lawyer; (4) a description of how disclosure
11 subject to a carefully crafted protective order would still create a substantial risk of harm to
12 significant governmental or privacy interests; and finally, (5) a projection of how much harm
13 would be done to the threatened interests if the disclosure were made.  *Kelly*, 114 F.R.D. at 670.

14 Here, the Declaration of Captain Kevin Heilman satisfies the first three prongs of the
15 *Kelly* five-part test.  (Heilman Decl. ¶¶ 2-4).  The County says that the classification records
16 contain highly confidential classification codes (consisting of a series of letters and numbers)
17 that reveal how security and housing assignments are made.  Batts nonetheless argues that the
18 County has not met all of the *Kelly* prongs and further contends that there is no reason why the
19 documents cannot be produced subject to the parties' stipulated protective order (Docket No.
20 47).  The County fears that disclosure of Batts' file would lead to a breakdown of the
21 classification system and jeopardize jail security, thus putting jail staff and inmates in danger.
22 (Heilman Decl. ¶¶ 4-5).  The County expresses further concern that a protective order would be
23 difficult to enforce and that disclosure to plaintiff would be tantamount to disclosure to the
24 entire public.  (*Id.* ¶ 9).

25 This court is sensitive to the County's concerns about the potential for inmate
26 manipulation of classification information.  Nevertheless, the County has not demonstrated how
27 disclosure, with appropriate redactions and under the stipulated protective order, would
28 jeopardize the jail's security.  At the same time, however, Batts' stated need for the

classification file is extremely underwhelming. She claims that she needs to access her classification file to show that she was placed in minimum security pregnancy housing. These are facts which are known to plaintiff and undisputed by defendants. Although her classification file is relevant in that it pertains generally to the period of incarceration in question, Batts has failed to demonstrate the relevance of the jail's confidential classification codes or of information revealing how the jail arrived at its decision to place her in minimum security pregnancy housing. Additionally portions of the records submitted contain information about other inmates that appear to have no bearing whatsoever on this lawsuit.

The County submitted CNTY00041-00046 for review. Having reviewed the documents *in camera*, this court orders disclosure of the classification file pursuant to the parties' protective order as follows:

- All information pertaining to inmates other than plaintiff shall be redacted.
- Information that appears to show dates or times re Batts' classification records, officer names and badge numbers, and Batts' booking information are fair game for discovery.
- Information showing that the jail knew of Batts' medical/pregnancy status, as well as information showing the jail's ultimate determination that she was to be placed in minimum security housing are fair game for discovery.
- All confidential codes and other information in these records underlying the jail's decision to place Batts in minimum security pregnancy housing, and all information revealing how that decision was made, may be redacted.

The County shall produce Batts' classification file, with redactions in accordance with this order, within 14 days from the date of this order.

SO ORDERED.

Dated:   September 17, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:08-cv-00286-JW Notice has been electronically mailed to:

Aryn Paige Harris    aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

Barry Clement Marsh    bmarsh@hinshaw-law.com, csimmers@hinshaw-law.com

Blaise S. Curet    bcuret@spcclaw.com

Gregory Joseph Sebastinelli    gregory.sebastinelli@cco.sccgov.org, marylou.gonzales@cco.sccgov.org

Jeremy L. Friedman    jlfried@comcast.net

Stephen Ryan Wong    swong@spcclaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.