*E-FILED 09-23-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20,<br><br>    Defendants.<br>_____/ | No. C08-00286 JW (HRL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE DISCOVERY ORDER; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM SIGAL MEDICAL GROUP**<br><br>**[Re: Docket Nos. 44 and 130]** |

BACKGROUND

Plaintiff Laila Batts sues under 42 U.S.C. § 1983, claiming that defendants failed to diagnose and provide appropriate medical care for her ectopic pregnancy while she was incarcerated at the Elmwood Women's Facility (Elmwood) from January 5-14, 2007. She also seeks damages for alleged professional negligence.

Batts indisputably has put her mental condition at issue. She claims severe emotional distress and psychological injury as a result of defendants' alleged conduct and has retained an expert to testify about her claimed mental injuries.

In discovery, defendants served subpoenas on various nonparties, seeking production of plaintiff's medical and psychiatric records. Defendants believe that some or all of plaintiff's

1  claimed mental injuries are due to factors and events other than the conduct alleged in this
2  lawsuit. This discovery has been the source of ongoing disputes throughout this litigation.

3  Batts previously moved to limit discovery of her medical and psychiatric records. In an
4  August 27, 2009 order, this court limited defendants' discovery of plaintiff's Employment
5  Development Department (EDD) records to disability claims Batts made in 2007 and after.
6  (That EDD matter reportedly pertained to plaintiff's claim of depression because an alleged
7  sexual harassment incident that occurred at her former workplace in 2004). And, applying the
8  "narrow" approach to waiver, this court also concluded that Batts' had not waived the
9  psychotherapist-patient privilege with respect to her pre-incarceration psychiatric records
10 because she does not rely on them with respect to her claims of mental injury. Defendants
11 were, however, permitted to examine plaintiff, her experts, and defense experts about other
12 stressors or contributing factors that may explain or have contributed to her claimed current
13 emotional distress, notwithstanding that discovery of the records themselves was denied. (See
14 Docket No. 88). Defendants filed an objection to that order. Judge Ware overruled that
15 objection on November 5, 2009 (Docket No. 108).

16 While defendants' objection to the August 27, 2009 order was pending, they subpoenaed
17 certain records from plaintiff's Worker's Compensation proceeding in which she claimed
18 mental distress stemming from alleged sexual harassment that occurred at her former workplace
19 in 2004. Of particular interest to defendants are records pertaining to a mental examination
20 conducted by Dr. Mark Perl. Dr. Perl's examination, which occurred a few months prior to her
21 2007 incarceration at Elmwood, was requested by defendants to the Workers' Compensation
22 proceeding. And, the Workers' Compensation Appeals Board subsequently ordered Batts to
23 appear for an examination by Dr. Perl. As part of his evaluation, Dr. Perl apparently reviewed
24 Batts' medical and psychiatric records which pre-date her incarceration at Elmwood. Dr. Perl
25 issued a report in October 2006 (just prior to plaintiff's incarceration) and a second
26 supplemental report in February 2007 (just after plaintiff's release from jail). On September 3,
27 2009, defendants obtained copies of both reports by subpoena.
28

2

The primary focus of the instant discovery dispute is a subpoena defendants served on nonparty Sigal Medical Group (Sigal), the entity which reportedly has possession of the records pertaining to Dr. Perl's examination. That subpoena seeks:

- All documents, without limitation as to dates, relating to [Batts'] medical and/or dental history, including all documents relating to [Batts'] complaints, symptoms, examinations, medical tests, findings, diagnoses, prognoses, laboratory results, prescriptions, medical treatment, physical therapy, sign-in sheets, photographs, video tapes, radiological films including X-rays, MRIs, CT scans, and any other imaging studies, AND all billing records and records of payments, all correspondence, and all other written or graphic materials pertaining to [Batts].

- All psychiatric and psychological records, including but not limited to, all correspondence, notes, billing records and records of payments, and all other written or graphic materials relating to the mental or emotional condition of [Batts]. [Batts] has alleged injuries to his/her health and nervous system that have caused and/or continue to cause great mental, emotional and nervous pain and suffering.

(See Docket No. 131, Harris Decl. Ex. B). Defendants also subpoenaed records from Claremont Behavioral Service (Claremont), Concentra Medical Center (Concentra), and a Dr. Roberta Falke. Claremont and Concentra produced documents to defendants. (The exact nature of those records has not been identified here). Defendants put the subpoena to Dr. Falke on hold after she requested an authorization to release the requested records.

Batts objects to discovery of the records subpoenaed from Dr. Perl, Dr. Falke, Claremont and Concentra. In her view, the subpoenaed records are privileged and private, and defendants' subpoenas go beyond the scope of discovery as to her medical and psychiatric records permitted in this court's August 27, 2009 order. Defendants contend that the records in question are not privileged and do not fall within the ambit of the August 27, 2009 order. They further contend that these records are relevant because they pertain to a psychological condition that both pre-dated and post-dated Batts' incarceration. Relatedly, defendants move to compel Sigal to produce the subpoenaed records. This court heard Batts' motion and took defendants' motion under submission without oral argument. Upon consideration of the moving and

3

responding papers,[1] as well as the arguments of counsel, this court grants in part and denies in part both motions.

## DISCUSSION

A.  Procedural Objections

Preliminarily, both sides assert several procedural objections. This court does not find that any of them warrant outright denial of the parties' respective motions.

With respect to defendants' failure to meet-and-confer with plaintiff, this not the first time that one side or the other has filed a discovery motion without engaging in proper meet-and-confer. (See Docket No. 274 at 7). This court does not condone that behavior, and both sides are admonished not to bring motions before this court without first making a good faith effort to resolve the matter informally. See Civ. L.R. 37-1. Nevertheless, as noted above, the scope of discovery as to plaintiff's psychiatric records has been the subject of ongoing discovery disputes throughout this case, and defendants contend that the parties simply do not see eye-to-eye on these issues.

As for defendants' failure to serve formal notice of their motion on Sigal, the court will excuse defendants' misstep in this instance, but expects that errors of this kind will not be repeated. The record indicates that defense counsel informally advised Sigal that their motion to compel had been filed. And, in response, Sigal (a) noted that it has no vested interest in the instant discovery dispute, which it views as being solely between plaintiff and defendants; (b) declined any involvement in the instant proceedings; and (c) stated that it will abide by whatever the court orders with respect to the documents in question. (See Docket No. 149, Harris Reply Decl., Ex. F).

For their part, defendants say that Sigal failed to timely respond to the subpoena and further contend that Batts can only challenge the subpoena by way of a motion for protective order or motion to quash, which they say, she has never filed. To the extent defendants contend

---

[1] After briefing on her motion closed, Batts submitted an unauthorized supplemental reply brief in contravention of Civil Local Rules 7-3 and 7-7. This court has accepted and considered her supplemental reply brief. Nevertheless, the court does not condone plaintiff's failure to abide by the court's rules and warns against future noncompliance.

4

1 that Batts was obliged to file a motion for protective order or to quash, her competing motion to
2 enforce the August 27, 2009 order (which this court views as having essentially the same effect)
3 will be deemed such a motion.

B. <u>Plaintiff's Workers' Compensation Records</u>

Batts contends that her Workers' Compensation records are protected by the psychotherapist-patient privilege. Defendants maintain that the privilege does not apply. Because this is a federal question case with pendent state law claims, this court will apply federal common law of privilege here. See <u>SNK Corp. of America v. Atlus Dream Entertainment Co., Ltd.</u>, 188 F.R.D. 566, 571 n.5 (N.D. Cal. 1999). Federal law recognizes a psychotherapist-patient privilege as to "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment . . .." <u>Jaffee v. Redmond</u>, 518 U.S. 1, 15 (1996). Batts bears the burden of showing that the privilege attaches to the Workers' Compensation documents in question. <u>Romo v. United States</u>, 413 F.3d 1044, 1047 (9th Cir. 2005).

    1. <u>Records re Dr. Perl's Examination</u>

The documents at issue here appear to fall into two general categories: (1) Dr. Perl's reports themselves;[2] and (2) the records underlying Dr. Perl's reports, which apparently comprise Batts' medical and psychiatric records that pre-date her incarceration at Elmwood.

Under the circumstances presented here, this court finds that the psychotherapist-patient privilege does not apply to Dr. Perl's reports themselves. To begin, Batts has failed to convince that she had a legitimate expectation as to the confidentiality of her communications with Dr. Perl. As discussed above, Dr. Perl's examination was ordered, at the opposing party's request, by the Workers' Compensation Appeals Board (Docket No. 131, Harris Decl., Exs. A and B). Dr. Perl told Batts about, and says she understood and agreed with, the "non-confidential"

---

[2] Plaintiff makes an argument, in passing, in her opposition that Dr. Perl's reports were obtained in violation of HIPPA because he was not given a written authorization to release any of the information he was given in connection with those reports. (Opp. at 6). Citing 45 C.F.R. § 164.512(e)(iii), defendants claim that this argument is a red herring because Dr. Perl's reports were obtained by subpoena. In any event, for the reasons stated below, this court finds that the discovery of Dr. Perl's reports do not run afoul of this court's August 27, 2009 order.

5

1  nature of his evaluation. (Docket No. 131, Harris Decl. Ex. B). "[C]ommunications that are
2  intended to be disclosed to third parties are generally not protected by a testimonial privilege."
3  Barrett v. Vojtas, 182 F.R.D. 177, 179 (W.D. Pa. 1998) (cited with approval in Romo, 413 F.3d
4  at 1048). For purposes of establishing the psychotherapist-patient privilege, "[t]here would be
5  no reasonable expectation of confidentiality, and therefore no confidential intent, if a party to a
6  conversation was aware that the other party may report on the conversation to a third party." Id.

7  Moreover, Batts has not convincingly demonstrated that Dr. Perl's evaluation occurred
8  "in the course of diagnosis or treatment." "Whether a meeting occurred 'in the course of
9  diagnosis or treatment' is a factual determination that rests upon consideration of the totality of
10 the circumstances." Romo, 413 F.3d at 1047. Factors to be considered may include (1) the
11 historical nature of the relationship between the individual and her confidante; (2) the patient's
12 purpose in making the communication; (3) the nature of the contact; (4) the timing and location
13 of the communication; (5) objective data, such as medical records, which corroborate the
14 counseling contact; and (6) whether mental health services were provided or requested during
15 the communication. Id. Here, Batts says that participating in Dr. Perl's evaluation was a
16 necessary predicate to obtaining the care she claimed she needed through Workers'
17 Compensation. But the fact remains that Dr. Perl's examination took place because it was
18 requested by the opposing parties and ordered by the Workers' Compensation Appeals Board.
19 (Docket No. 131, Harris Decl., Exs. A and B). Batts did not seek treatment from Dr. Perl; there
20 is no indication that she had a prior psychotherapist-patient relationship with him; and, she does
21 not deny that she has never identified Dr. Perl as a mental health care provider. (See Docket
22 No. 149, Harris Decl. Ex. G).

23 Batts maintains that even if Dr. Perl's reports are not privileged, they are shielded from
24 discovery by her more general right to privacy. Citing San Diego Trolley, Inc. v. Super. Ct., 87
25 Cal. App.4th 1083, 105 Cal. Rptr.2d 476 (2001), plaintiff argues that any waiver of her privacy
26 interests were limited solely to the Workers' Compensation case, and does not extend to any
27 other proceeding. In San Diego Trolley, the person whose records were sought there was a
28 nonparty to the litigation, and the court found that her mental condition was not at issue. Here,

6

1 by contrast, Batts has placed her mental condition squarely at issue. Nevertheless, this court
2 agrees that plaintiff has not waived her privacy interests in her medical and psychiatric matters,
3 notwithstanding that some of that data is disclosed in her Workers' Compensation records.[3] In
4 discovery, however, privacy interests may be invaded for litigation purposes. See generally
5 Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995). At the time this court
6 issued its August 27, 2009 order, it understood that plaintiff's medical and psychiatric records
7 fell into two distinct categories: those pre-dating her incarceration and those post-dating it.
8 Although Dr. Perl's examination took place prior to Batts' incarceration at Elmwood,
9 defendants will be permitted discovery of both of Dr. Perl's reports (which, as noted above,
10 they already have in their possession) based on this court's understanding that the psychological
11 condition in question also post-dated the events at issue in this lawsuit. Accordingly, as to Dr.
12 Perl's reports themselves, defendants' motion to compel is granted and plaintiff's motion to
13 enforce is denied.

14 This court takes a different view, however, with respect to the subpoenaed medical and
15 psychiatric records which appear to pre-date Batts' 2007 incarceration—notwithstanding that
16 Dr. Perl may have reviewed them in connection with his examination of Batts. It appears that at
17 least some of these underlying records came from entities or persons that Batts has identified as
18 her treatment providers. This court has already determined that Batts has not waived the
19 psychotherapist-patient privilege in those records because she does not intend to rely on them.
20 (See Docket No. 88). Defendants' subpoena to Sigal seeks production of virtually all of Batts'
21 medical and psychiatric (and even dental) records, without limitation. Thus, the subpoena
22 sweeps too broadly and encompasses records that this court has already carved out from
23 document discovery. Defendants have not shown that they need discovery of these records;
24 and, as noted above, defendants have been permitted to examine plaintiff and each side's
25 experts about other stressors or factors that may have contributed to Batts' claimed mental
26 injuries. To the extent Sigal has any records which fall within the permissible scope of

---

28 [3] Judge Ware previously ordered Dr. Perl's reports to be removed from the court's public records (Docket No. 118); and, this court has sealed those reports in connection with the instant motions (Docket No. 276).

7

1  discovery set out in this court's August 27, 2009 order, Sigal shall produce them within 14 days
2  from the date of this order.  Defendants' motion to compel is otherwise denied, and plaintiff's
3  motion to enforce is granted.

   2.  <u>Records from Claremont, Concentra and Dr. Falke</u>

As noted above, plaintiff also takes issue with the subpoenas served on these entities and Dr. Falke.  (Defendants' affirmative motion to compel does not address these documents.)

The record presented here is much less developed than it is as to Dr. Perl.  Although it is not entirely clear, it appears that the documents defendants seek may include some of the same records Dr. Perl reviewed in connection with his evaluation of Batts.  Defendants assert that Claremont, Concentra and Dr. Falke were all involved in Batts' Workers' Compensation case; and, on that basis, they argue that the subpoenaed records are fair game for discovery.  There is scant information, however, about the context of the subject evaluations.  Dr. Falke apparently evaluated Batts, but it is unclear precisely how that evaluation came about.  Defendants say that Batts' former employer referred her for evaluation by a counselor at Claremont and by an occupational medicine physician at Concentra.  Under the Ninth Circuit's guidance in <u>Romo</u>, 413 F.3d at 1047, this court is disinclined to say, in such broad-brush fashion, that these records fall within the scope of permitted discovery set in the August 27, 2009 discovery order.  For example, the record indicates that the individual Batts saw at Claremont may have been an Employee Assistance Program (EAP) counselor.  (Docket No. 130, Harris Decl., Ex. B at 000013).  The psychotherapist-patient privilege may apply to such consultants.  <u>Oleszko v. State Compensation Ins. Fund</u>, 243 F.3d 1154, 1157 (9th Cir. 2001).  Accordingly, these records will be deemed off-limits pre-incarceration records.  Plaintiff's motion as to these documents is granted.

SO ORDERED.

Dated: September 23, 2010

               _____
               HOWARD R. LLOYD
               UNITED STATES MAGISTRATE JUDGE

8

5:08-cv-00286-JW Notice has been electronically mailed to:

Aryn Paige Harris    aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

Barry Clement Marsh    bmarsh@hinshaw-law.com, csimmers@hinshaw-law.com

Blaise S. Curet    bcuret@spcclaw.com

Gregory Joseph Sebastinelli    gregory.sebastinelli@cco.sccgov.org, marylou.gonzales@cco.sccgov.org

Jeremy L. Friedman    jlfried@comcast.net

Stephen Ryan Wong    swong@spcclaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California