*E-FILED 08-05-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAILA BATTS,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, PETER CRANDALL, CHRISTINA ARQUERO, and DOES 3-20,<br><br>    Defendants. | No. C08-00286 EJD (HRL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO VACATE A PORTION OF SEPTEMBER 14, 2010 DISCOVERY ORDER**<br><br>[Re: Docket No. 381] |

    Discovery has been an ongoing and fiercely fought battle in this litigation. Both sides have filed their fair share of motions; and, many of those motions each raised myriad issues as to which the parties could not agree.

    Although discovery closed long ago, the parties continue, even now, to wrangle over depositions. In this latest skirmish, defendants move to vacate the portion of this court's September 14, 2010 order (Docket No. 274) giving plaintiff leave to conduct six additional depositions beyond the presumptive ten-deposition limit. The dispute over additional depositions was but one of about ten issues raised by plaintiff's underlying motion (Docket No. 184). And, as noted in the September 14, 2010 order, plaintiff's request to take additional depositions struck this court merely as an effort to tie up loose ends in discovery. Nevertheless, the court exercised its discretion and gave plaintiff an opportunity to take six additional

depositions if she wished. Defendants now move to prevent those depositions from proceeding, arguing that (1) additional depositions now are not feasible and (2) plaintiff was not diligent, in any event, in pursuing those additional depositions.

Prior to the reassignment of this case, Judge Ware referred defendants' motion to the undersigned for disposition. The matter was deemed submitted without oral argument. CIV. L.R. 7-1(b). Having considered the moving and responding papers, this court grants the motion.

Plaintiff's argument about waiver of objections to the September 14, 2010 order is unconvincing. Defendants do not contend that the underlying order is wrong. Rather, they argue that it would be unfair to have to now carry out the portion of the order re additional depositions.

The primary basis for defendants' motion is moot. Indeed, the pretrial filing deadlines, pretrial conference, and trial have been re-set for dates later this fall. As noted above, however, this court was not overwhelmed as to the purported need for the additional depositions. And, the record presented indicates that plaintiff was not diligent in pursuing them—conduct which suggests that she did not really need more depositions after all. Indeed, it seems that plaintiff said nothing about those depositions until defendants filed the instant motion seeking to prevent them from going forward. Plaintiff's counsel says that he was busy on other cases. But, there is no indication that the deadlines or trials in those other matters were a surprise. Plaintiff says that the depositions might be helpful, but she does not argue that she needs them. Nor does she say how she will be prejudiced (if at all) if she is prevented from taking them. Instead, she essentially says that she is entitled to take them. But, for the reasons stated above, plaintiff's claims of entitlement are stale. Moreover, if past history in this matter is any guide, it seems likely that permitting additional depositions now would lead to even more discovery disputes which might well impact the current case schedule.

As a matter of managing discovery, which closed long ago, this court therefore will relieve defendants of their obligation to produce any further witnesses for deposition. Their

2

motion to vacate that portion of the September 14, 2010 discovery order is granted.

SO ORDERED.

Dated: August 5, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:08-cv-00286-EJD Notice has been electronically mailed to:

Aryn Paige Harris     aryn.harris@cco.sccgov.org, anna.espiritu@cco.sccgov.org

Barry Clement Marsh     bmarsh@hinshaw-law.com, csimmers@hinshaw-law.com

Blaise S. Curet     bcuret@spcclaw.com

Gregory Joseph Sebastinelli     gregory.sebastinelli@cco.sccgov.org, marylou.gonzales@cco.sccgov.org

Jeremy L. Friedman     jlfried@comcast.net

Scott R Kanter     skanter@hinshaw-law.com

Stephen Ryan Wong     swong@spcclaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4